COMMONWEALTH *vs.* JOHN D. MILLER.

Hampshire.    May 11, 1976. — June 21, 1976.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Criminal,* Exceptions: failure to save exception; Charge to jury; View.  *Narcotic Drugs.  Evidence,* Polygraphic test, Judicial discretion, Relevancy and materiality, Hearsay.

A judge's instruction to a jury in a criminal case that they had to be "satisfied beyond a reasonable doubt as to the innocence or guilt" of the defendant did not constitute reversible error where throughout his charge to the jury he correctly stated the Commonwealth's burden of proof. [382-383]

At the trial of indictments for unlawful possession of cocaine and LSD with intent to sell, evidence that the defendant, who was seated in a van with others when a police officer approached, said, "Let's get going, here comes a cop," that large quantities of drugs were found in the van near the defendant, and that large amounts of money were found in the defendant's shaving kit and on his person was sufficient to support inferences that the defendant had possession of the drugs and that he intended to sell them. [383-384]

A judge did not abuse his discretion in denying a criminal defendant's motion for a polygraph examination which was filed after the Commonwealth rested its case. [384]

A judge did not abuse his discretion in denying a criminal defendant's
motion for a jury view of a van identical to the one in which he
had been arrested. [384-385]

Where a police officer testified at a criminal trial that he had approached
a van in which the defendant was a passenger because he believed
there was a possibility that the van's registration had expired but
admitted he was not familiar with commercial vehicle registration
numbers, the judge did not err in restricting the defendant's ques-
tioning of an official of the Registry of Motor Vehicles as to "regis-
tration procedures" and the "laws of motor vehicles as they related
to that incident." [385]

Where a defendant was arrested in a van and charged with possession
of narcotics with intent to sell, there was no error in excluding testi-
mony about a letter from a clerk of a District Court concerning "in-
dictments" against, and the absence of, the owner of the van, who
was also arrested. [385]

INDICTMENTS found and returned in the Superior Court
on November 17, 1971.

The cases were tried before *Tisdale, J.*

*Harvey A. Silverglate* for the defendant.

*Stephen R. Kaplan,* Assistant District Attorney, for the
Commonwealth.

HALE, C.J.   The defendant appeals from convictions for
unlawful possession of cocaine with intent to sell and un-
lawful possession of LSD with intent to sell, after a trial
pursuant to G. L. c. 278, §§ 33A-33G.[1] There was no error.

We summarize the evidence. A police officer of the town
of Amherst stopped a van containing the defendant and
four others after he had observed the vehicle's license plate
to have a red sticker, which indicated to him that its regis-
tration had expired, and observed the defendant run out
of the van, grab a puppy and reenter the van, and heard
him then say, "Let's get going, here comes a cop." The
officer asked the driver for his license and certificate of
registration. The driver opened the window slightly and

[1] The defendant was tried on nine separate indictments charging,
respectively: being present where marijuana, LSD, and cocaine were
kept; possession of marijuana, LSD and cocaine; and possession with
intent to sell marijuana, LSD and cocaine. He was convicted on all nine
indictments but sentenced only on the two from which he appealed.
The other seven were placed on file.

passed out the certificate. He then opened the door and stepped out. The officer smelled marijuana smoke and observed a small clear bag in the driver's shirt pocket containing marijuana. The officer arrested the driver for possession of marijuana and the passengers for being present where they knew that substance was illegally kept and deposited. He also observed the defendant, who was seated in the van, place his hand under a pile of blankets during the arrest process and ordered him to remove it. The officer called for assistance, and the vehicle was searched.[2]

The search revealed a knapsack resting on two suitcases located immediately next to where the defendant had been seated behind the driver's seat. The knapsack contained four large and one medium sized bags of marijuana and one LSD tablet. One of the suitcases contained six large and one medium sized bags of marijuana, ten LSD tablets, a scale and empty plastic "baggies." The other suitcase, which the defendant admitted belonged to him, contained a shaving kit in which was $4,010. That amount was made up of bills of the following denominations: two $100's, twenty-seven $50's, forty-seven $20's, and one hundred fifty-two $10's. Next to the right-hand door of the van the officers found a jug containing marijuana seeds, an ounce of cocaine, and 241 LSD tablets. The total weight of the marijuana found in the van was thirteen or fourteen pounds. An additional $500 was found in the defendant's pocket at the time of his arrest.

The defendant conducted his own defense with the active and able assistance of a member of the bar. The defendant testified that he was in the van only to obtain a ride from Amherst to Boston. He described the money found in the shaving kit as his "stash" and said that it had been obtained from the proceeds of the liquidation of an organic food store in which he had had an interest. He stated that he had previously stored the money in a tin can

---

[2] The validity of the arrest and the subsequent search was upheld in *Commonwealth* v. *Miller,* 366 Mass. 387 (1974).

near a dump, and that he did not believe in banks. He stated that it was his intention to go to Maine after reaching Boston and use the money to purchase land.

The testimony of the defendant and of another defense witness indicated that the defendant had met several of the other riders in the van on about ten previous occasions during the summer of 1971, that the defendant had driven the woman found in the van from Wendell to Amherst and back and forth to Belchertown in his own car on the day of the arrest, and that the defendant had spent several hours during the evening prior to the arrest in a local restaurant where he had met some of the others found in the van.

Several of the defendant's assignments of error were not the subject of exceptions at trial. Such assignments bring nothing before this court, *Commonwealth* v. *Franks*, 365 Mass. 74, 76 (1974), and will be reviewed only to prevent "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). We apply this rule in the same manner, whether the defendant represents himself alone, represents himself with the assistance of counsel (as in the present case), or is represented by counsel. Among these assignments of error were the alleged denial of a speedy trial (an issue not raised at all in the trial court), limitations on the cross-examination conducted by the defendant of the arresting officer, a summary finding of contempt by a defense witness and his expulsion from the courtroom, the denial of the defendant's motion to obtain records of the disposition of the indictments of the others arrested in the van, the sentencing of the defendant under a statute which had been repealed at the time of trial (see G. L. c. 4, § 6, Second), and the imposition of sentences more severe than those imposed on former codefendants. We have not detected in any of those assignments a risk of a miscarriage of justice such as the *Freeman* case requires.

The other assignment of error which was not the subject of an exception concerned a part of the judge's charge. The defendant has directed our attention to the following language, "Now, again, I suggest to you that you have to be

satisfied beyond a reasonable doubt as to the innocence or guilt on these [indictments]." However, the judge continued, "and I suggest you proceed in the same manner as on the group charging presence; that you determine first whether or not he was guilty of possession of marijuana; in other words, if you are convinced beyond a reasonable doubt from all the evidence that he was. If so convinced, he should be found guilty; if not so convinced, he should be found innocent." The defendant contends that the first quoted sentence of the instruction improperly shifted the burden of proof to him. Examining this apparent slip of the tongue in the context of the charge as a whole, we conclude that this passage would not have misled the jury. There were many references in the charge to the Commonwealth's burden of proof which correctly stated that burden. For instance, near the outset of his charge the judge said, "Now, what is the burden of proof? Well, in every criminal case, and it is true in these cases, the Commonwealth has the burden of proving that the defendant in the case is guilty beyond a reasonable doubt, if your verdicts are to be guilty. It has the further burden, of course, of proving beyond a reasonable doubt every essential element of each crime charged in each indictment against the defendant." We discern no risk of a miscarriage of justice.

The defendant contends that the judge erred by denying his motions for a directed verdict made at the close of the Commonwealth's evidence and again at the close of the defendant's evidence. He argues that there was no evidence connecting him directly to any transactions in drugs, nor was there sufficient evidence to establish his dominion or control over the drugs. The judge properly submitted the case to the jury. "In determining the sufficiency of evidence on these issues, the judge need not be convinced beyond a reasonable doubt." *Commonwealth* v. *Rugaber*, 369 Mass. 765, 769 (1976). The jury could have concluded from the testimony of the sole witness for the Commonwealth that the defendant was guilty of possession of LSD and cocaine, with intent to sell both, from a combination of direct and circumstantial evidence. The large quantities

of drugs found, together with the defendant's statement, "Let's get going, here comes a cop," the large amounts of money (and the denominations thereof) found in the defendant's shaving kit and on his person, and the defendant's proximity in the van to the place where the drugs were found were sufficient to support inferences that the defendant had possession of the drugs and that he intended to sell them. *Commonwealth* v. *Rugaber*, 369 Mass. at 770. The defendant argues that the jury could only speculate in determining whether the defendant had joint possession of these drugs with the others simultaneously arrested. We consider that it was for the jury to determine whether the evidence pointed to the others rather than to the defendant. *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 658 (1974).

None of the evidence offered by the defendant precluded the jury from drawing the inferences suggested above. The testimony of the defendant and one of his witnesses that he had met the other persons who were in the van on several previous occasions, and had spent time with them earlier on the evening of the arrest, could have been considered by the jury to support a conclusion that the defendant was part of a group dealing in drugs. In light of the other evidence, the defendant's explanation for the presence of the large amount of money in small denominations could have been found incredible by the jury. They could have considered that evidence supportive of an inference that the money included proceeds from narcotics sales. See *United States* v. *Phillips*, 496 F. 2d. 1395 (5th Cir. 1974), cert. den. 422 U. S. 1056 (1975).

The defendant assigns as error the judge's denial of a motion for a polygraph examination. That motion, filed after the Commonwealth had rested its case, was directed to the judge's discretion. There was no abuse of discretion. See *Commonwealth* v. *A Juvenile*, 365 Mass. 421, 430-431, 433 (1974).

The defendant sought to have the jury take a view of a van which he contended was identical to the one in which he had been arrested. He has assigned as error the judge's

denial of his motion to do so. There was no abuse of the judge's discretion in his denial of that motion. *Commonwealth* v. *Crespo*, 3 Mass. App. Ct. 497, 501 (1975).

Another assignment concerns the limitation of questioning of an official of the Registry of Motor Vehicles called by the defendant. The official's testimony could not be used for the offered purpose of impeaching the testimony of the arresting officer, to the effect that he believed there was a possibility that the van's registration had expired. The officer had admitted that he was not familiar with commercial vehicle registration numbers, and therefore there was no statement to be impeached by the official's testimony in which, according to the defendant's offer of proof, the official would explain "registration procedures" and the "laws of motor vehicles as they related to that incident in 1971." While such testimony, if otherwise admissible, might tend to show the witness' lack of knowledge on the subject, it was not relevant on the question of the witness' credibility. The case of *Commonwealth* v. *Ahearn*, 370 Mass. 283 (1976), decided the day after this case was argued, is of no assistance to the defendant.

The defendant's remaining assignment of error concerns the exclusion of testimony about a letter from a clerk of a District Court concerning "indictments" against, and the absence from the jurisdiction of, the owner of the van, one of the others arrested. The judge correctly excluded that testimony. From all that appears in the record it was irrelevant hearsay, not admissible under any exception to the hearsay rule.

*Judgments affirmed.*