COMMONWEALTH *vs.* LOUIS J. CATANIA. January 19, 1978. The defendant appeals (G. L. c. 278, §§ 33A-33G) from his conviction on complaints charging him with (1) uttering a forged instrument and (2) larceny of over one hundred dollars by false pretenses. Only two of the defendant's several assignments of error were based on exceptions taken by defense counsel at trial. 1. The defendant argues that the judge erred in denying a motion for a directed verdict based on the Commonwealth's alleged failure to prove that the defendant possessed the requisite mens rea at the time of the offense. We see no useful purpose in reciting the evidence which was before the jury. We have reviewed the evidence in the light most favorable to the Commonwealth, together with the inferences which could reasonably be drawn therefrom, and are of the opinion that the jury were warranted in concluding that the guilt of the defendant was proved beyond a reasonable doubt. See *Commonwealth* v. *Mangula*, 2 Mass. App. Ct. 785, 786 (1975). 2. The defendant argues that the judge erred in failing to instruct the jury, as requested, that in order to find the defendant guilty as charged they must first find "that the defendant must have known when he entered the bank that it [the check] was a forgery." The judge was not required to charge the jury in the precise words selected by the defendant. The judge's charge, viewed as a whole, amply instructed the jury on all required elements of the crimes charged, including knowledge. *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 539 (1971), and cases cited therein. As the other assignments argued by the defendant were not the subjects of exceptions during trial, they bring nothing before this court. *Commonwealth* v. *Underwood*, 358 Mass. 506, 509 (1970). *Commonwealth* v. *Miller*, 4 Mass. App. Ct. 379, 382 (1976). No substantial risk of a miscarriage of justice is disclosed by those assignments, and we decline to review them. Contrast *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).

*Judgments affirmed.*

*Ann Lambert Greenblatt* (*Harvey A. Silverglate* with her) for the defendant.
*Philip D. Moran*, Special Assistant District Attorney, for the Commonwealth.