COMMONWEALTH *vs.* WILBUR BILLINGS. May 31, 1978. The defendant was convicted of armed robbery after a trial in which he elected to proceed without counsel although counsel remained with him, available to assist, throughout the trial. The defendant seeks to raise three issues by his assignments of error, but those assignments were not the subject of exceptions at trial and therefore bring nothing before this court. *Commonwealth* v. *Fields*, 371 Mass. 274, 277 (1976). "We apply this rule in the same manner, whether the defendant represents himself alone, represents himself with the assistance of counsel . . . , or is

represented by counsel." *Commonwealth* v. *Miller*, 4 Mass. App. Ct. 379, 382 (1976). We examine the defendant's contentions only to ascertain if there is, as he contends, "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). 1. We do not think that the prosecutor's apparently inadvertent mention, during closing argument, that a particular conversation between the police and the defendant had taken place "in jail" created in the circumstances a substantial likelihood that the jury would draw an inference that the defendant had been convicted previously of some other crime. We agree with the Commonwealth that the most likely inference, if the question in fact occurred to any juror, was that the defendant was in jail in connection with the crime charged in this proceeding. Cf. *Commonwealth* v. *Vanetzian*, 350 Mass. 491, 495 (1966). In any event, in the absence of objection, the judge's general instructions concerning closing arguments were adequate to deal with any possible prejudice to the defendant. *Commonwealth* v. *Johnson*, 374 Mass. 453, 458 (1978). See also *Commonwealth* v. *Balakin*, 356 Mass. 547, 551-552 (1969); *Commonwealth* v. *Curry*, 368 Mass. 195, 203 (1975). 2. The prosecutor's argument concerning the mark or scar one of the robbers had on his neck which had been observed by one of the victims and testified to at trial was not improper. The prosecutor had the right to argue from the evidence and suggest inferences favorable to his case. *Commonwealth* v. *Nordstrom*, 364 Mass. 310, 315 (1973). 3. The judge's instructions concerning the concept of reasonable doubt, read in their entirety, were not misleading. See *Commonwealth* v. *Gerald*, 356 Mass. 386, 389-390 (1969); *Commonwealth* v. *Pettie*, 363 Mass. 836, 842-843 (1973). Accordingly we find no "substantial risk of a miscarriage of justice."

*Judgment affirmed.*

*Willie J. Davis* for the defendant.

*Michael J. McHugh*, Legal Assistant to the District Attorney, for the Commonwealth.