COMMONWEALTH *vs.* ROBERT L. GALLINARO (and nine companion cases[1]). December 30, 1971. The defendants, after trial before a judge sitting without a jury, were convicted of various gaming offences. Their appeals are before us under G. L. c. 278, §§ 33A–33G. The judge denied motions to suppress evidence taken under a search warrant issued by another Superior Court judge upon the basis of an affidavit submitted by a State police officer. The affidavit reported extended surveillance of premises in Brighton and of telephone calls to those premises. The defendants contend that errors in setting out motor vehicle registration numbers and descriptions of vehicles cast such doubt on the truth of the affidavit as to indicate that it was intentionally false and that, in fact, no surveillance took place on the dates mentioned. After hearing largely oral evidence, the judge found "that the errors . . .

---

[1] Four of the companion cases are by the Commonwealth against Robert L. Gallinaro and five are by the Commonwealth against Robert Bohigian.

were not false representations but inadvertences unrelated . . . to an intention to deceive." He in effect inferred that the errors may have been caused by "erroneous information furnished by the Registry of Motor Vehicles," or by "an inconsequential error of observation." He concluded (1) that the errors were insignificant, (2) that the evidence did not demonstrate the affidavit was not "in good faith," and (3) that it was "based on facts sufficient . . . to establish probable cause." Our review of the evidence, which need not be stated here, shows that his findings and conclusions were well warranted. See *Commonwealth* v. *Murray*, 359 Mass. 541, 547–548. There was no need to furnish the defendants a transcript of the State police officer's grand jury testimony. It was examined by the judge and marked for identification. That transcript has also been examined here. It would have afforded the defendants no help. Compare *Commonwealth* v. *De Christoforo, ante* 531, 536, fn. 2, where the disputed grand jury minutes were not marked for identification. Other assignments of error are not argued. See S.J.C. Rule 1:13, 351 Mass. 738.

*Judgments affirmed.*

*Thomas C. Cameron* for the defendants.
*James E. Foley*, Assistant District Attorney, for the Commonwealth.