COMMONWEALTH *vs.* JOHN H. HARVARD

Worcester.    February 7, 1972. — April 5, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & HENNESSEY, JJ.

*Narcotic Drugs. Constitutional Law,* Narcotic drugs. *Practice, Criminal,* Judicial discretion.

Under G. L. c. 123, §§ 125–143, inserted by St. 1969, c. 889, § 1, the
    determination whether to stay a criminal proceeding for a nar-
    cotic drug offence and commit the defendant to a treatment facil-
    ity or to proceed with trial was for the judge's discretion where the
    defendant had previously been convicted of such an offence. [529–
    531]

G. L. c. 94, § 213A, as amended through St. 1970, c. 681, providing
    that whoever is present at a place where he knows a narcotic drug is
    illegally kept or deposited may be punished is not intended to apply
    only to situations wherein the person charged is present at a place
    where large quantities of illegal drugs are kept or deposited [531];
    and the evidence at a trial on charges of violation of § 213A was
    sufficient to warrant an inference by jury that the defendant knew
    that both marihuana and heroin were "illegally kept or deposited"
    in an automobile in which he was an occupant [531–532].

G. L. c. 94, § 213A, previously has been held constitutional in
    decisions of this court, and a subsequent change in the statute in
    no way disturbs the validity of those decisions. [532]

INDICTMENTS found and returned in the Superior Court on March 8, 1971.

The cases were tried before *Dimond, J.*

*Conrad W. Fisher* for the defendant.

*Joseph J. Dyer,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, J.    The defendant was convicted by a jury on two indictments charging him with being present at a place where he knew narcotic drugs (marihuana and heroin) were illegally kept or deposited.   G. L. c. 94, § 213A.    The judge sentenced him to the Massachu-setts Correctional Institution at Concord for an inde-terminate term.    On this appeal we have before us a summary of the record, a transcript of the evidence

and several assignments of error.  G. L. c. 278, §§ 33A–33G.

The defendant argues that the judge erred in failing to grant a continuance and in denying his motion to vacate and revise a previously imposed sentence.  He also argues that the judge erred in refusing to direct verdicts of not guilty on both indictments and in refusing to dismiss the indictments on the basis that G. L. c. 94, § 213A, is unconstitutional.

We set forth the facts as the jury could have found them.  On January 10, 1971, at approximately 6:30 P.M. the defendant, together with four other individuals, was seen sitting in a parked car by an off-duty police officer.  The officer observed the car and its occupants from the front window of his house.  The car was approximately twenty-five feet from the window.  At that time the interior light of the car was on.  While the car was being observed by the officer, a female, sitting on the driver's side of the front seat, had her left arm propped up and was attempting to inject herself with a needle. The defendant, sitting on the passenger side of the front seat, was looking at her and, according to the officer's testimony, was attempting to assist her.  The officer together with another officer who was in the same house immediately left the building and approached the car.  As the officers approached the car, the defendant and the female seated in the front seat were observed switching their positions in the front seat.  The occupants were then placed under arrest.

Subsequently, the officers searched the car and found several homemade cigarettes on the floor of the front of the vehicle.  The cigarettes were later identified as containing marihuana.  On the floor of the front of the car, the officers also found certain instruments including a homemade syringe, a bottle cap "known as a cooker" and a spoon.  These instruments were later analyzed and were found to have contained heroin.

1. The defendant argues that the judge erred in denying his motions for a continuance and for a vacation

and revision of a sentence previously imposed. Specifically, he states that under the provisions of G. L. c. 123, §§ 125–143, inserted by St. 1969, c. 889, § 1, he was entitled as matter of right to have the criminal proceedings against him stayed and to be committed to a medical facility for treatment under the act. We do not agree. As we read the relevant statute and apply it to the facts of this case, it is clear that the determination whether to stay the criminal proceedings and commit the defendant to a treatment facility or to proceed with the trial was for the judge's discretion.

General Laws c. 123, § 134 (now G. L. c. 123, § 47, as appearing in St. 1970, c. 888, § 4), provided in relevant part, that "[i]n determining whether or not to grant a request for commitment . . . the court shall consider the [medical] report, the past criminal record of the defendant, the availability of adequate and appropriate treatment at a facility, the nature of the offense with which the defendant is charged . . . and any other relevant evidence." The statute further provided that "[i]n the event that . . . the court determines that the defendant is a drug dependent person who is a drug addict who would benefit by treatment . . . *and the defendant is charged with a first drug offense* not involving the sale or manufacture of narcotic or harmful drugs . . . the court shall order that the defendant be committed . . . without consideration of any other factors" (emphasis added).

In the present case, a medical report was filed by a physician who stated that in his opinion the defendant was "a drug dependent person who is a drug addict and who would benefit by treatment." However, prior to ruling on the defendant's motions the judge was apprised of the fact that the defendant had, on an earlier occasion, been convicted of a drug offence. See *Commonwealth* v. *Harvard*, 356 Mass. 452. That being so, the mandatory section of the statute applicable only to first offenders was not operative here and the matter of commitment was for the judge's discretion. No abuse

of that discretion is shown here. On the contrary, the transcript indicates that the judge was thoroughly familiar with the statute in question and applied it correctly to the facts before him. There is no merit to the defendant's argument that he was entitled to be treated as a first offender because his prior drug-related offence occurred prior to the effective date of St. 1969, c. 889, § 1.

2. The defendant also argues that directed verdicts of not guilty on both indictments should have been entered. He contends that the statute defining the offence, G. L. c. 94, § 213A, was not intended to apply to the situation presented in this case and that, even if it were, there was insufficient evidence of guilt to warrant a conviction. Both his arguments fail.

General Laws c. 94, § 213A, as amended through St. 1970, c. 681, states, in part, that "[w]hoever is present at a place where he knows a narcotic drug is illegally kept or deposited . . . may be punished." In referring to *Commonwealth* v. *Buckley,* 354 Mass. 508, we have recently said that "to establish guilt . . . [under § 213A] the accused must be shown to have been present in a reasonably restricted place in which he knew a narcotic drug was 'illegally kept or deposited.'" *Commonwealth* v. *Tirella,* 356 Mass. 271, 273. The defendant argues that the statute was intended to apply only to situations wherein the person charged is present at a place where large quantities of illegal drugs are kept or deposited. We find no support for his position in either the words of the statute or its legislative history. See *Commonwealth* v. *Tirella,* 356 Mass. at 273, fn. 2. In our opinion the facts of the present case clearly fall within the prohibition of § 213A.

We are also of opinion that there was sufficient evidence to warrant the jury in returning guilty verdicts against the defendant. There was evidence that the defendant was, at one time, sitting on the passenger side of the vehicle where the marihuana was found. There was other evidence that he was looking at and

assisting a female occupant who was attempting to inject herself with heroin. Also, several instruments, later analyzed as having contained heroin, were found on the floor of the front of the car. On this evidence the jury could warrantably have inferred that the defendant knew that both marihuana and heroin were "illegally kept or deposited" in the vehicle. A "person's knowledge . . . like his intent is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had, and frequently is had, to proof by inference from all the facts and circumstances developed at the trial.". *Commonwealth* v. *Holiday*, 349 Mass. 126, 128. See *Commonwealth* v. *Boris*, 317 Mass. 309, 315 ("resort frequently must be had to proof by inference").

3. Finally, the defendant argues that both on its face and as applied to him the statute is unconstitutional. We disagree.

In *Commonwealth* v. *Buckley*, 354 Mass. 508, and *Commonwealth* v. *Tirella*, 356 Mass. 271, we upheld the constitutionality of G. L. c. 94, § 213A. A repetition of what was said in those decisions would serve no useful purpose here. However, in response to the defendant's argument, we do point out that the subsequent change in the statute by the Legislature in no way disturbs the validity of those decisions nor does it render the conduct in this particular case noncriminal.

*Judgments affirmed.*