COMMONWEALTH *vs.* LLOYD KINNITT. March 27, 1974. The defendant was convicted in the Superior Court on a complaint for maintaining a dwelling for the purpose of illegal possession of heroin with intent to sell. G. L. c. 94, §§ 209, 217E, both subsequently repealed by St. 1971, c. 1071, § 2. See St. 1972, c. 2. *Commonwealth* v. *Yee,* 361 Mass. 533 (1972). The defendant's bill of exceptions (G. L. c. 278, § 31) brings before this court certain questions of law relating to: (1) the denial of parts of the defendant's motion to suppress; (2) the admission of evidence of allegedly unconnected offenses; and (3) the denial of the defendant's motion for a directed verdict. There was no reversible error. Assuming without deciding that the defendant may attack the allegations of an affidavit supporting a search warrant (see *Rugendorf* v. *United States,* 376 U. S. 528, 531-532 [1964]), and that a deliberate misrepresentation made in such an affidavit would render a search warrant invalid (see *Commonwealth* v. *Perez,* 357 Mass. 290, 301 [1970]; *Commonwealth* v. *Murray,* 359 Mass. 541, 547-548 [1971]), there is nothing in the defendant's bill of exceptions which would warrant our holding that the trial judge was clearly in error in finding that there was no deliberate misrepresentation in the affidavit. *Commonwealth* v.

*Gallinaro,* 360 Mass. 868, 868-869 (1971). The affidavit, based upon an informant's hearsay corroborated by the personal observations of the affiant, clearly met the tests for sufficiency set out in *Aguilar* v. *Texas,* 378 U. S. 108, 110-115 (1964), and *Spinelli* v. *United States,* 393 U. S. 410, 416-419 (1969). *Commonwealth* v. *Victor,* 1 Mass. App. Ct. 600 (1973). The warrant authorized a search of the premises, and the incriminating heroin was not seized from the person mistakenly described in the affidavit as Lloyd Davis but from the back room of the first floor of the dwelling specifically described in the affidavit and warrant. Therefore, the misnomer was not material. See *Commonwealth* v. *Franklin,* 358 Mass. 416, 421-423 (1970). The admission in evidence of manila envelopes and cigarette papers capable of being used for packaging and smoking marihuana can be sustained on the ground that G. L. c. 94, § 209, extended to the maintenance of a dwelling in which marihuana was kept for purposes of sale (marihuana having been classified as a narcotic drug by G. L. c. 94, § 197) and on the further ground that it was admissible to show the whole transaction of which the crime was a part. *Commonwealth* v. *Durkin,* 257 Mass. 426 (1926). See also *Teasley* v. *United States,* 292 F. 2d 460, 466-467 (9th Cir. 1961). The testimony concerning women with track marks on their arms was relevant to the issue of known drug addicts frequenting the premises. Although it may have been error for the trial judge to allow the officer to characterize these women as prostitutes, in light of all the evidence such error was harmless beyond a reasonable doubt. *Chapman* v. *California,* 386 U. S. 18 (1961). *Milton* v. *Wainwright,* 407 U. S. 371 (1972). The evidence amply warranted the verdict of the jury.

*Exceptions overruled.*

*Timothy J. Dacey, III (George L. Cushing* with him) for the defendant.

*Robert Snider,* Special Assistant District Attorney (*Frances M. Burns,* Legal Assistant to the District Attorney, with him) for the Commonwealth.