COMMONWEALTH *vs.* JACK R. RUGABER
(and a companion case[1]).

Hampden. February 2, 1976. — February 26, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure. Narcotic Drugs.*

Although a search warrant incorrectly described the color and type of building material of a house to be searched and the description precisely fitted the house next door, application of the exclusionary rule was not required where the warrant contained the correct address of the building to be searched, the knowledge of officers on the scene eliminated any danger of a mistaken search of the premises next door, and the warrant was executed at night so that the discrepancy was not apparent. [767-769]

Conviction of two defendants for unlawful possession of certain narcotic drugs and unlawful possession with intent to distribute the drugs was warranted by evidence that a large quantity of drugs was found in a room containing a knapsack, a name tag, and a college identification card, all bearing the name of one defendant, and a similar large quantity was found in another room where the second defendant had gone to get some things for her child. [769-770]

---

[1] Commonwealth *vs.* Bonnie-Jean Manning.

INDICTMENTS found and returned in the Superior Court on September 25, 1973.

Pre-trial motions to suppress evidence were heard by *Moriarty*, J., and the cases were heard by *Moynihan*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*David Burres* for the defendants.

*Daniel E. O'Malley*, Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.  After a jury waived trial, the defendants appeal from convictions for drug offenses.  They argue that (1) evidence seized under a search warrant should have been suppressed because the premises to be searched were misdescribed, and (2) their motions for findings of not guilty should have been allowed.  We hold that the motion to suppress evidence seized under the search warrant was properly denied, and that there was sufficient evidence of the defendants' guilt to warrant submission of the cases to the jury.  We therefore affirm the convictions.

The defendant Rugaber was convicted on four indictments charging unlawful possession of marihuana and LSD with intent to distribute and unlawful possession of amphetamines and cocaine.  The defendant Manning was convicted on four indictments charging unlawful possession of LSD with intent to distribute and unlawful possession of marihuana, cocaine and hashish.  Rugaber was sentenced to one year in a house of correction on the LSD charge and on the remaining convictions was ordered placed on probation for three years from and after the LSD sentence.  Manning was given a suspended sentence on the LSD charge and placed on probation for three years; on the other charges she was placed on concurrent probation for three years.  They appealed under G. L. c. 278, §§ 33A-33G, and we transferred the appeals here on our own motion.

1. *The search warrant.* In denying the defendants' motion to suppress evidence, the judge made detailed findings, which the parties accept. He concluded that Springfield police officers had probable cause to search for drugs at 3 Fenwick Street, Springfield, a brick house with two front entrances and a green porch. By reason of an error by a Federal agent, one of the officers included the following in his affidavit in support of his application for a search warrant: "This house #3 Fenwick St. is a two-story wooden structure, red over gray located on the east side of the street in Springfield, Mass." The warrant commanded a search of "#3, Fenwick St., Springfield, a two story wooden frame dwelling, color red & grey."

The description of color and type of building material precisely fitted the house next door, which fronted on Wilbraham Road but had an unnumbered side or rear entrance on Fenwick Street. Number 3 bore no lettering or numeral to indicate its address. The officers who obtained the warrant were directed by other officers to the house from which a suspect had emerged about an hour before. They searched that house, which was No. 3 Fenwick Street. The warrant was executed at night, and the discrepancy was not apparent. The officers who obtained the warrant were not aware of the misdescription when they executed it and they were not reckless; at most they were negligent in this respect. The judge was unable to find that any of the officers actually involved was aware of the misdescription.

Particular description of the place to be searched is required by the Fourth Amendment, by art. 14 of our Declaration of Rights and by G. L. c. 276, § 2. *Commonwealth* v. *Pope,* 354 Mass. 625, 628-629 (1968). Invocations of error and inadvertence cannot ordinarily save an invalid warrant, although we have allowed the warrant to be read with the application or complaint. *Commonwealth* v. *Vitello,* 367 Mass. 224, 271-274 (1975), and cases cited. But "if the police are to be

encouraged to use the warrant procedure, it seems good policy to allow a certain leeway or leniency in the after-the-fact review of the sufficiency of applications for warrants." *Commonwealth* v. *Corradino,* 368 Mass. 411, 416 (1975). "Factual inaccuracies not going to the integrity of the affidavit do not destroy probable cause for a search." *Commonwealth* v. *Murray,* 359 Mass. 541, 548 (1971). Cf. *Commonwealth* v. *Gallinaro,* 360 Mass. 868 (1971).

The present case is a close one, since the description of the place to be searched is "to be read without poetic license." *Commonwealth* v. *Hall,* 366 Mass. 790, 799 (1975). The judge concluded that an officer attempting to execute the warrant with no information other than the description contained within it and the attached affidavit would "most assuredly" have invaded the wrong property. The Commonwealth "does not fully agree" with that conclusion, since it is not clear how far it takes into account the physical facts. See *Commonwealth* v. *Gill,* 2 Mass. App. Ct. 653, 656 (1974). Perhaps it would be more accurate to say that the warrant was ambiguous in its description of the property to be searched.

The defendants cite cases where warrants were upheld because erroneous street numbers were overcome by additional descriptions. *United States* v. *Goodman,* 312 F. Supp. 556, 557 (N.D. Ind. 1970). *United States* v. *Pisano,* 191 F. Supp. 861, 863 (S.D.N.Y. 1961). *State* v. *Daniels,* 46 N.J. 428, 438 (1966). Contra, *State* v. *Lee,* 247 La. 553, 562 (1965). The determining factor, they say, is "whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched which is not the one intended to be searched under the search warrant," quoting from *United States* v. *Sklaroff,* 323 F. Supp. 296, 321 (S.D. Fla. 1971).

There is authority for piecing out an inadequate description with the personal knowledge of the searching officers. *United States* v. *Gomez*, 42 F.R.D. 347, 348 (S.D.N.Y. 1967). But we need not go so far here. The description here was not inadequate on its face. The executing officers did not become aware of its ambiguity as applied to the physical facts, and they were not reckless in this respect. They had probable cause to search No. 3 Fenwick Street, the address was a sufficient description if the erroneous references to color and type of building material were disregarded, and the knowledge of the officers on the scene eliminated any danger that there might be a mistaken search of the premises next door. In these circumstances we agree with the judge, who ruled that even if the warrant was defective, the exclusionary rule should not be applied, since it could have no deterrent effect. Cf. *United States* v. *Thomas*, 489 F.2d 664, 669-670 (5th Cir. 1973); *United States* v. *Carmichael*, 489 F.2d 983, 988-989 (7th Cir. 1973); *Model Code of Pre-Arraignment Procedure* § 290.2 (2), (3), (4) (Proposed Official Draft 1975); Kipperman, Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence, 84 Harv. L. Rev. 825, 830-832 (1971).

2. *Sufficiency of evidence.* Each of the defendants was found guilty of narcotic offenses involving only those narcotics found in his or her room. Each contends that there was insufficient evidence of either possession or intent to distribute to warrant findings of guilty. In determining the sufficiency of evidence on these issues, the judge need not be convinced beyond a reasonable doubt. *Commonwealth* v. *Baron*, 356 Mass. 362, 365-366 (1969).

There was evidence that both defendants, seven other adults and two children were present at the time of the search of the premises at No. 3 Fenwick Street. There were approximately seven rooms on the first floor, approximately five on the second, and five partitioned

spaces in the third-floor attic.  In respect to the defend-
ant Rugaber, the search yielded four separately packaged
bags of marihuana, a larger quantity of unpackaged
marihuana, over 100 LSD tablets and a quantity of
cocaine.  These items were found in a room containing a
knapsack bearing Rugaber's name, a black name tag
bearing his name, and a college identification card with
his photograph and name.  As to the defendant Man-
ning, more than 900 tablets of LSD and quantities of
marihuana, cocaine and hashish were found in a room
where she had gone to get some things for her child.

The evidence of possession was sufficient.  *Common-
wealth* v. *Dinnall,* 366 Mass. 165, 169 (1974), and cases
cited.  *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47,
53-54 (1974).  Intent to distribute a drug may be inferred
from possession of large quantities of that drug.  *Com-
monwealth* v. *Ellis,* 356 Mass. 574, 578-579 (1970).
*Commonwealth* v. *Gill,* 2 Mass. App. Ct. 653, 657
(1974), and cases cited.

*Judgments affirmed.*