COMMONWEALTH *vs.* ROBERT SHEPPARD. January 5, 1977. 1. There was no error in the admission of either of the items of evidence objected to at the pre-trial hearing on the defendant's motion to suppress. The defendant had demonstrated the existence of a misstatment of fact in that portion of the affidavit forming a part of the application for the search warrant which was addressed to the credibility or reliability of the affiant's informant (see *Commonwealth* v. *Snow,* 363 Mass. 778, 782-783 [1973]; *Commonwealth* v. *Vynorius,* 369 Mass. 17, 20, 21 [1975]), and both items of evidence were relevant to and admissible on the question whether the misstatement had resulted (a) from deliberate (see *Commonwealth* v. *Perez,* 357 Mass. 290, 301 [1970]; *Commonwealth* v. *Murray,* 359 Mass. 541, 547-548 [1971]; *Commonwealth* v. *Kinnitt,* 2 Mass. App. Ct. 810 [1974]; *Commonwealth* v. *Gill,* 2 Mass. App. Ct. 653, 655, n.2 [1974]) or reckless (see *Commonwealth* v. *Rugaber,* 369 Mass. 765, 767, 769 [1976]) action on the part of the affiant or (b) from an inadvertency on his part which was unrelated to any intention to deceive the magistrate (see *Commonwealth* v. *Gallinaro,* 360 Mass. 868, 869 [1971]). 2. The judge did not err in denying the motion to suppress. His findings that the misstatement was (a) "not a deliberate falsehood, but rather an honest mistake," (b) "[the]· result of negligence" (see *Commonwealth* v. *Rugaber,* 369 Mass. at 767), and (c) "not intentional" were amply supported by the evidence. Compare *Commonwealth* v. *Gallinaro,* 360 Mass. at 869. The misstatement did not go to the integrity of the affidavit as a whole or destroy probable cause for a search (*Commonwealth* v. *Murray,* 359 Mass. at 548), and we concur in the judge's opinion that "the prophylactic value of excluding evidence in this case ... [would be] nil." See *Commonwealth* v. *Rugaber,* 369 Mass. at 769. Compare *United States* v. *Belculfine,* 508 F. 2d 58, 61-62 (1st Cir. 1974), which was cited by the judge. 3. As was conceded at the oral argument, none of the remaining assignments of error has been "argued" within the meaning of Rule 1:13 of this court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801 (1975). There is no assignment of error addressed to the sufficiency of the affidavit on its face.

*Judgment affirmed.*

*Sumner H. Smith* for the defendant.

*Philip D. Moran,* Assistant District Attorney, for the Commonwealth.