COMMONWEALTH *vs.* JOSEPH PETRONE. November 10, 1983. *Search and Seizure,* Warrant. *Due Process of Law,* Vagueness of statute. *Practice, Criminal,* Sentence. *Narcotic Drugs.*

On guilty findings after a jury-waived trial in the Superior Court, the defendant was sentenced to the State prison (Massachusetts Correctional Institution, Walpole, G. L. c. 125, § 1[o]), for concurrent terms of nine to ten years on a conviction of possession of heroin with intent to distribute, nine to ten years on a conviction of possession of cocaine with intent to distribute, and three to five years on a conviction of carrying, without license, a firearm in a motor vehicle. On appeal the defendant argues that there was error in the denial of his motion to suppress the drugs and related paraphernalia seized in a search of his apartment pursuant to a warrant and drugs surrendered by a companion. The defend-

ant also contends that the sentencing provisions of the statutes under which he was convicted of possession of controlled substances with intent to distribute were unconstitutionally vague.

1. The defendant's only argument on the motion to suppress is that the search warrant did not describe with particularity the place to be searched, as required by the Fourth Amendment to the United States Constitution, art. 14 of the Massachusetts Declaration of Rights, and G. L. c. 276, § 2. See *Commonwealth* v. *Pope*, 354 Mass. 625, 628-629 (1968). The complaint (to which the warrant refers, both being parts of the same form) describes the premises to be searched as "3rd floor apt. on the left hand as one faces the building, a three story wooden building, blue in color — a six family [located at] 432 Seaver St. [in Boston]." The defendant is named in the complaint and is named and described in the affidavit in support of the application for the search warrant. Officer O'Connell, who signed the affidavit and complaint, participated in surveillance of the apartment during day and night hours for two days prior to seeking the warrant. During this time O'Connell and other officers observed known drug traffickers enter and leave the apartment. O'Connell confronted the defendant and a companion who were in a parked car in front of 432 Seaver Street and, after arresting the defendant for the possession of a firearm which was in plain view, informed them that there was a warrant to search the apartment. The defendant and his companion led O'Connell and other officers to the apartment, and the companion opened the door with keys. Upon the arrival of another officer with the warrant, the defendant conceded that his companion was holding drugs for him, whereupon the companion reached into her blouse and produced quantities of heroin and cocaine. The apartment was then searched, and other drugs and related paraphernalia were found.

The judge found "that (upon conflicting evidence) the place searched was in fact the location described and specified in the warrant." The description was not inadequate on its face. There is no question that the description of the building was correct. The defendant argues, however, that the evidence, including the testimony of O'Connell, was undisputed that the defendant's apartment was not "on the left hand side as one faces the building," but on the right hand side. We need not reach the issue. O'Connell and other officers waited for the defendant, who was known to O'Connell, to arrive on the scene before the warrant was executed. O'Connell had participated in the surveillance of the apartment and had signed the affidavit and complaint; and the defendant and his companion led the officers to the apartment and admitted them. Even if, because of the physical facts, there was an abstract possibility of conflicting interpretations of the warrant with respect to the location of the apartment, in the circumstances there is no reason to apply the exclusionary rule. See *Commonwealth* v. *Rugaber*, 369 Mass. 765, 769 (1976); *Commonwealth* v. *Demogenes*, 14 Mass. App. Ct. 577, 582-583 (1982). "The officers did

nothing unreasonable which we would seek to deter from happening in the future." *Id.* at 583.

2. The evidence shows, and the judge found, that there was no search of the defendant's companion, and that she voluntarily turned the drugs over to the police. In any event, the defendant's argument, which comes close to being frivolous, that he had a legitimate expectation of privacy in the area within his companion's blouse is without merit. See *Rakas* v. *Illinois*, 439 U.S. 128, 148 (1978); *United States* v. *Salvucci*, 448 U.S. 83, 91-95 (1980); *Rawlings* v. *Kentucky*, 448 U.S. 98, 105-106 (1980). Cf. *Commonwealth* v. *Podgurski*, 386 Mass. 385, 390-392 (1982).

3. The defendant's conviction of possession of heroin with intent to distribute was pursuant to the provisions of G. L. c. 94C, § 32(*a*), as appearing in St. 1980, c. 436, § 4, a statute declared unconstitutional following the trial and sentencing. See *Commonwealth* v. *Gagnon (I)*, 387 Mass. 567 (1982).[1] The Commonwealth concedes that this conviction must be vacated insofar as the indictment charges a violation of G. L. c. 94C, § 32(*a*), and the case remanded to the Superior Court for consideration of a finding of guilty and sentencing on the lesser included offense of possession of heroin. See *Commonwealth* v. *Gagnon (II)*, 387 Mass. 768, 773 (1982).

4. The defendant also argues that the punishment provisions of G. L. c. 94C, § 32A(*a*), as in force at the time of the defendant's offense (possession of cocaine with intent to distribute), are unconstitutionally vague, because they are in conflict with G. L. c. 279, § 24. General Laws c. 94C, § 32A(*a*), as appearing in St. 1980, c. 436, § 4, allowed for punishment "by imprisonment in the state prison for not less than one, not more than ten years." General Laws c. 279, § 24, provides that the minimum sentence to the State prison shall not be less than two and one-half years.[2] The defendant's contention has been fully answered in *Commonwealth* v. *Dupree*, 16 Mass. App. Ct. 600, 604-606 (1983). The judge sentenced the defendant to the Massachusetts Correctional Institution at Walpole for a term not longer than ten years nor less than nine years. This sentence did not conflict with G. L. c. 279, § 24. "It is not incumbent upon us to conjure up unlikely abstract inconsistencies, such as might occur were a judge to attempt, in the face of G. L. c. 279, § 24, to sentence a person convicted under G. L. c. 94C, § 32A(*a*), to less than two and one half years at M.C.I., Walpole. . . . As there is no need, on the facts before us to find the punishment provisions of § 32A(*a*) void for vagueness, we do not do so." *Commonwealth* v. *Dupree, supra* at 606.

5. The judgments on indictments numbered 032185 and 032186 are affirmed. The judgment on indictment numbered 032184 is vacated. The

---

[1] General Laws c. 94C, § 32(*a*), was amended by St. 1982, c. 458.

[2] General Laws c. 94C, § 32A(*a*), was amended by St. 1982, c. 650, § 7, to eliminate any problem of conflict.

case is remanded to the Superior Court for the entry of an order dismissing the indictment except as to the lesser included offense of possession of heroin. A finding of guilty of that offense may be made and the defendant sentenced pursuant to G. L. c. 94C, § 34.

*So ordered.*

*Richard Zorza* for the defendant.
*John N. Tramontozzi,* Assistant District Attorney, for the Commonwealth.