Macdonald, D. Lloyd, J.
The Defendant is charged with distribution of a Class D substance in a school zone and unlawful possession of a firearm. The matter is before the Court on a motion to suppress the fruits of the search of the defendant’s apartment. An eviden-tiaiy hearing was held on February 2, 2009. At its conclusion, the Court denied the motion and made oral findings and rulings on the record. The Court incorporates by reference those findings and rulings that are not inconsistent with those herein.
Findings of Fact
The Court found the testifying officers to be credible.
On June 3, 2008, officers from the Bristol County Drug Task Force executed a search warrant at the home of the defendant, Nathan Mills (“Mills”) at 42 Plain Street, Apartment 2, in Taunton. The search warrant was based on a warrant application that included an affidavit executed by Massachusetts State Trooper Edward Reese (“Reese”). The affidavit described information provided by a confidential informant (the “Cl”) who claimed to have purchased marijuana from Mills in the past. After the Cl made two controlled buys at Mills’s apartment, Reese applied for a warrant to search the apartment.
The affidavit accompanying the warrant application stated that the Cl informed the police that Mills lived in Apartment 5 at 42 Plain Street.[1] The affidavit further recited that the Registry of Motor Vehicles database confirmed Mills’s address to be Apartment 5 at 42 Plain Street. The affidavit also recounted the Cl’s information that Mills’s apartment was accessed by a door on the right side of 42 Plain Street (viewed from the street) underneath an “overhanging porch.” The Cl stated, according to the affidavit, that once inside the outer door, he/she entered “a common hallway which contains two doors and a set of stairs that lead up to the second floor.” “CI-1 further stated that he/she enters the first door on the right into Nathan Mills’s apartment. The door opens directly into [Mills’s] living room.”
The warrant stated that the premises to be searched was “42 Plain Street, apartment #5, in the city of Taunton [that is accessed on the right side by] an entry door with an overhanging porch white in color [and] which is occupied and/or in the possession of Nathan Mills . . .”
Mills was arrested in his car near 42 Plain Street by officers other than Reese. At the time of and immediately after the arrest, Rees and a fellow officer were stationed outside the side door through which the Cl stated that he entered the hallway from which Mills’s apartment was accessed. The 42 Plain Street side door was in fact located under an overhanging porch. While waiting at the side door, Reese was informed that the arresting officers obtained a key from Mills to his apartment and that other officers were entering the apartment directly through a separate door that was located in the rear of 42 Plain Street. Once those officers were inside the apartment, they proceeded to the apartment door that opened into the hallway. When in the hallway, they let Reese and his colleague into the hallway. Reese then turned right and entered Mills’s apartment consistently with the Cl’s description of how the Cl had entered.
As it turned out, the number on Mills’s apartment was 2, not 5. Apartment 5 is on the second floor of 42 Plain Street. At the hearing, Mills called a witness who managed the 42 Plain Street property. She testified that several years before Mills had in fact lived in Apartment 5 but that he had subsequently moved to Apartment 2 on the first floor.
The officers searched Mills’s apartment and seized marijuana, a firearm, and ammunition. Mills seeks to suppress such evidence. Mills argued that the execution of the warrant was overbroad because the warrant only authorized the search of Apartment 5, not Apartment 2. Mills submitted that the particularity requirement of the Fourth Amendment and Article 14 were violated.
Discussion
Within its four comers, the affidavit clearly established probable cause. Commonwealth v. Luthy, 69 Mass.App.Ct. 102, 105-06 (2007). The question here is whether the error in the warrant as to the apartment number is constitutionally fatal.
“In order to protect against the unbridled authority of a general warrant the Fourth Amendment to the United States Constitution requires that search warrants describe the premises to be searched with particularity. However, neither warrants nor their supporting affidavits require a conveyancer’s precise language, and ‘the rigors of an average criminal investigation are not to be intensified by a pecksniffian attention to noncrucial detail on review.’ The standard is not whether the description given is technically *154 accurate in every detail but whether it is sufficient to enable an officer to identify the place intended with reasonable effort, and whether there is a likelihood that another place might be mistakenly searched.” Commonwealth v. Cohen, 6 Mass.App.Ct. 653, 655 (1978) (citations omitted). See also Commonwealth v. Rugaber, 369 Mass. 765, 768 (1976) (“Factual inaccuracies not going to the integrity of the affidavit do not destroy probable cause for a search,” but “the description of the place to be searched is ‘to be read without poetic license’ ” (citations omitted)).
A search warrant and its accompanying affidavit are to be read together to rectify any confusion on the face of the warrant. Commonwealth v. Tedisco, 363 Mass. 445, 449 (1973). In addition, the police may resolve ambiguities using knowledge they obtained during the course of the investigation and their common sense. Commonwealth v. Toledo, 66 Mass.App.Ct. 688, 697-99 (2006). The police may not expand the scope of a warrant, but they may use the warrant, the affidavit, their observations and common sense to “insure! ] the search of only the premises for which probable cause to search exists . . .” Id. at 697.
Here, as incorporated into the affidavit, the substance of the Cl’s description of the location of the apartment was detailed and correct: One entered the apartment via a right-side entrance to 42 Plain Street under an overhanging porch; once inside the outside entrance, there was in fact a hallway, and immediately on the right once in the hallway was the entry door to Mills’s apartment. Further, the warrant identified the target premises as that apartment at 42 Plain Street “occupied by and/or in the possession of Nathan Mills.”
The circumstance that the Registry of Motor Vehicles database contained out-of-date information as to which apartment at 42 Plain Street Mills resided in and that that information was ascribed, as well, to the Cl was immaterial to the essential particulars contained in the warrant. Those essential particulars were confirmed as accurate by the officers as they executed the warrant.
The motion is denied for the additional reason that the underlying rationale for the exclusionary rule — its utility to deter unlawful police conduct — is not implicated in this case. The officers acted reasonably in relying on the information obtained from the Cl and confirmed by the officers’ access to the RMV database. “The officers did nothing unreasonable which we would seek to deter from happening in the future.” Commonwealth v. Demogenes, 14 Mass.App.Ct. 577, 583 (1982). See also Commonwealth v. Petrone, 17 Mass.App.Ct. 914, 915-16 (1983) (quoting Demogenes).
Here, the officers used the warrant, the affidavit, their observations, and their common sense to “insure! 1 the search of only the premises for which probable cause to search exist(ed).” Commonwealth v. Toledo, 66 Mass.App.Ct. at 697. Accordingly, there is no basis to suppress the seized evidence.
ORDER
The Defendant Nathan Mills’s Motion to Suppress is DENIED.

At the hearing, Trooper Reese testified that he may have been in error in stating that the Cl had identified Mills’s apartment number as being number 5.