COMMONWEALTH *vs.* ROBERT L. POOLE No. 90-P-9. December 11, 1990. *Search and Seizure*, Affidavit. *Controlled Substances. Words*, "Distribute," "Deliver."

Informed that the police had a search warrant, the defendant accompanied two police officers to a storage shed in his back yard where bales and packages of marihuana — 135 pounds in all — were stored. Some of the marihuana was compressed in bricks and some was in small bags. Convicted of trafficking (G. L. c. 94C, § 32E[a][2]) and possession of marihuana (G. L. c. 94C, § 34), the defendant argues that the motion judge should have allowed his motion to suppress because the affidavit in support of the warrant contained material falsehoods. He also claims there was insufficient evidence to find him guilty of trafficking because he was only a bailee. We affirm the conviction trafficking and dismiss the conviction of possession.[1]

1. The judge conducted a *Franks* (*Franks* v. *Delaware*, 438 U.S. 154 [1978]) hearing. Police detective Diauto testified that a Middleboro police officer came to the Randolph police station and told him that her sister, Susan Hinckley, who lived with the defendant, had told her that the defendant was storing fifty pounds of marihuana in a trailer in the back of his house. Diauto telephoned Hinckley, who informed him that the defendant "had fifty pounds of marihuana in a white truck body sitting on a concrete block in the back yard." Diauto testified that she said that "[s]he had seen it. It was there."

Hinckley denied that she had ever informed Detective Diauto or anyone else that she personally had observed the marihuana, but acknowledged that she had told her sister that the defendant had fifty pounds of marihuana in a shed in his yard and that the defendant was "holding" the marihuana for someone. She knew about the marihuana because the defendant had told her about it, and the defendant had periodically gone to the shed and brought some of the marihuana back to the house so she could smoke it.

The judge found that the affidavit contained no falsehood and that Hinckley's statement that she had not personally observed the marihuana was not credible. "Credibility is for the fact finder." *Commonwealth* v. *Shipps*, 399 Mass. 820, 826-827 (1987). We see no error in the judge's conclusion that the *Franks* principles are here inapplicable. The defendant

---

[1]The possession indictment was placed on file with the defendant's consent. Since, in this case, possession is a lesser included offense of trafficking, the indictment should be dismissed. *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986).

did not establish the falsity of Diauto's statement or that it was made "knowingly and intentionally, or with reckless disregard for the truth." *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 407 (1989), quoting from *Franks* v. *Delaware*, 438 U.S. 154, 155 (1978).

2. While the defendant concedes that he possessed the marihuana, he claims there was insufficient evidence of an intent to distribute and that his motion for a required finding of not guilty should have been granted. Our cases indicate otherwise. "Possession of a large quantity of an illicit narcotic raises an inference of intent to distribute," particularly where, as here, the drugs were distinctively packaged. *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 758 (1984). See also *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 349-350 (1983).

The defendant's argument that his assertion that he was merely holding the marihuana as a "bailee" for a third party precludes his conviction of trafficking is without merit. Not only could the jury have disbelieved the defendant's statements to the police that he was merely storing the marihuana for a third party, but even if the defendant's bailee theory were credited, the defendant's possession of the marihuana with the intention to transfer it back to its owner would constitute distribution within the meaning of G. L. c. 94C, § 1, as inserted by St. 1971, c. 1071, § 1. That statute defines "distribute" (as used in G. L. c. 94C) to mean "to deliver other than by administering or dispensing a controlled substance," and defines "deliver" to mean "to transfer, whether by actual or constructive transfer, a controlled substance from one person to another, *whether or not there is an agency relationship*" (emphasis supplied).

Accordingly, the judgment on indictment number 86199 (G. L. c. 94C, § 32E[a][(2)]) is affirmed and indictment number 86201 (G. L. c. 94C, § 34) is to be taken from the file and dismissed.

*So ordered.*

*Mary F. Costello* for the defendant.
*James F. Lang*, Assistant District Attorney, for the Commonwealth.