COMMONWEALTH *vs*. HAROLD J. MURPHY.

No. 91-P-1455.

Worcester. November 20, 1992. - January 20, 1993.

Present: PERRETTA. DREBEN, & GILLERMAN, JJ.

*Controlled Substances. Evidence*, Inference, Intent.

At the jury-waived trial of an indictment for possession of cocaine with intent to distribute, a police witness's testimony to the effect that the drug could be obtained for personal use more economically in a single packet was insufficient to warrant an inference that the defendant intended to distribute any of the seven one-half gram packets of the drug that were in his possession at the time of his arrest. [18-19]

INDICTMENTS found and returned in the Superior Court Department on October 10, 1990.

The cases were heard by *Charles J. Hely*, J.

*Yvonne P. Toyloy*, Committee for Public Counsel Services, for the defendant.

*Michael A. Uhlarik*, Assistant District Attorney, for the Commonwealth.

PERRETTA, J. After a jury-waived trial, the defendant was convicted and sentenced on indictments charging him with possession of cocaine with intent to distribute and with possession of the same cocaine. Concluding that the Commonwealth did not sustain its burden of proof on the indictment charging possession with intent to distribute, we reverse that conviction and affirm the conviction on the lesser included offense of possession.

1. *The evidence.* On January 23, 1990, about 6:15 P.M., State trooper John Nelson went to Danny Murphy's Lounge in the Worcester area. He had been provided with names and descriptions of two men earlier that evening. When he entered the lounge, he saw the defendant standing at the bar

talking with another patron. The two men matched the descriptions which Nelson had been given. He went to the bar and seated himself next to the patron who was speaking with the defendant. After ordering a drink, Nelson went to the telephone and called another trooper, Thomas Zona.

When Nelson returned to his seat at the bar, the defendant was not there. About ten minutes later, Zona and other troopers entered the bar. After asking the patron seated next to him where the defendant had gone, Nelson and Zona went into the men's room. The defendant was seated on a toilet in a stall without a door.

Identifying themselves, the troopers told the defendant to empty his pockets. He removed paper, $355 in currency, and some coins from his pockets. Zona then searched the defendant's dungarees. He found a plastic bag in the watch pocket of the defendant's jeans. Seven paper packets, or "bindle papers," were in the plastic bag. These packets contained 2.8 grams of white powder consisting of 17 percent cocaine. Analysis of the cocaine revealed that it had been "cut" twice, once with lidocaine and once with inositol.

Trooper Nelson identified each of the seven packets as "half grams," having a street value of $50. Nelson also testified that an "eight ball," or 3.5 grams of cocaine, could be sold in seven individual "half gram" packets for $350. However, because a purchase of cocaine in quantity results in a discount to a buyer, it is cheaper to purchase the "eight ball," which costs $225.

When the prosecutor asked Nelson whether he had an opinion as to whether "this amount of cocaine and this type of packaging is more consistent with personal use, or not," the defendant objected. In sustaining the objection, the trial judge stated that he would not permit the question "unless there's some evidence of observations of users and sellers, and whether or not he's had any observations of users without — users having this much at any one time purely for personal use." Nelson thereafter testified that although he

had seen two "sixteenths" sold as an "eight ball,"[1] he had never seen seven "half grams" sold as an "eight ball."[2]

2. *The reasonable inferences.* There is nothing in the evidence to show whether the packaging and amount of cocaine in issue was more consistent with personal use than with an intent to distribute. See *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 422-424 (1982); *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 998-999 (1982). If the proof on the indictment charging possession with intent to distribute is to be held sufficient, it must be by reason of the inferences that are warranted by Nelson's testimony.

The only evidence relating to the defendant's intention with respect to the cocaine found on his person is Nelson's statement that it would be cheaper to buy the same amount of cocaine as an eight-ball in one packet.[3] The inference the Commonwealth sought to draw from that testimony was that no one would possess seven half-gram packets of cocaine for personal use because, if consumption were intended, one would possess a single packet containing the less expensive eight-ball.

We conclude that the inference necessary to the Commonwealth's proof of the defendant's intent has no solid foundation in established facts and is, instead, speculation based upon a generalization. Although it may be an obvious general rule that people would rather pay less than more for any given item, there is nothing in the record before us which even shows, directly or circumstantially, how or when the defendant came into possession of the cocaine.

---

[1] Nelson defined an "eight ball" as one-eighth of an ounce, or 3.5 grams, of cocaine.

[2] Nelson testified that he has been a State trooper for four years and that he had been assigned to the narcotics unit for almost two years. While working in an undercover capacity in that unit, he had purchased and sold marijuana, cocaine, and heroin.

[3] Because the trial judge sustained the defendant's challenge to Nelson's qualifications to give an expert opinion based upon prevailing practices in the drug culture, compare *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 802-803 (1992), Nelson's testimony goes only to his personal observations made in the circumstances described in note 2, *supra.*

Taking the evidence and the inferences that can be drawn therefrom in the light most favorable to the Commonwealth, we conclude that the evidence was insufficient to allow any rational trier of fact to find the defendant guilty beyond a reasonable doubt on the indictment charging him with possession of cocaine with the intent to distribute. See *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989), and cases therein cited. The conclusion that the defendant intended to distribute an equivocal amount of cocaine is based on the sole fact that were that same amount contained in one packet rather than seven, it could have been purchased for less than the unknown price actually paid. As the defendant's conviction rests on conjecture and surmise, it cannot stand. See *Commonwealth* v. *O'Brien*, 305 Mass. 393, 400-401 (1940).

3. *Conclusion.* The defendant's conviction on indictment no. 90-2688 is vacated, the finding is set aside, and the matter is remanded to the Superior Court for the entry of a required finding of not guilty. The judgment of conviction on indictment no. 90-2689 is affirmed.

*So ordered.*