COMMONWEALTH *vs.* VICTOR L. ROMAN.

Worcester. December 7, 1992. - March 23, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Indictment, Grand jury proceedings. *Grand Jury. Constitutional Law*, Probable cause. *Arrest. Probable Cause. Controlled Substances. Evidence*, Disclosure of evidence, Grand jury proceedings.

Sufficient evidence was presented to warrant a grand jury in indicting a criminal defendant for trafficking in cocaine in violation of G. L. c. 94C, § 32E (*b*) (1), where the defendant's possession of 25.6 grams of cocaine in a motor vehicle on a State highway would justify an inference by a reasonable person that the defendant possessed the cocaine with an intent to distribute it. [643-648] O'CONNOR, J., dissenting, with whom LIACOS, C.J., joined.

In a proceeding before the grand jury that indicted a defendant on controlled substance charges, the prosecution's failure to present a certain self-serving statement of the defendant did not greatly undermine the validity of the evidence presented. [648-649]

INDICTMENT found and returned in the Superior Court Department on May 15, 1990.

The case was tried before *Charles J. Hely*, J., and a motion to dismiss was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Woodrow Brown, Jr.*, for the defendant.

*William E. Laughlin*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. A Worcester County jury found the defendant guilty on indictments charging him with trafficking in cocaine (G. L.c. 94C, § 32E (*b*) [1990 ed.]), and with unlawful possession of cocaine with intent to distribute (G. L. c. 94C, § 32A [1990 ed.]). Before trial, the defendant had moved for dismissal of the indictment charging trafficking on

the ground that the evidence before the grand jury was insufficient to support the indictment. The judge took the motion under advisement and after trial allowed it. The Commonwealth has appealed from the allowance of that motion.[1] We transferred the Commonwealth's appeal to this court. We vacate the order allowing the defendant's motion to dismiss the trafficking indictment.

We must decide whether the grand jury were presented with sufficient evidence to support a finding of probable cause to arrest the defendant for trafficking in cocaine in violation of G. L. c. 94C, § 32E (*b*) (1).[2] See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 402 (1989), and cases cited. Probable cause to arrest "requires more than mere suspicion but something less than evidence sufficient to warrant a conviction." *Commonwealth* v. *Hason*, 387 Mass. 169, 174 (1982). The evidence before the grand jury must consist of reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense. See *id*.; *Commonwealth* v. *McCarthy*, 385 Mass. 160, 162-163 (1982); *Commonwealth* v. *Club Caravan, Inc.*, 30 Mass. App. Ct. 561, 566-568 (1991).

Trafficking is defined as "knowingly or intentionally manufacturing, distributing or dispensing or possessing with intent to manufacture, distribute or dispense or . . . bringing into the commonwealth a net weight of fourteen grams or more of

---

[1]The judge sentenced the defendant to one year in a house of correction on the other indictment. The defendant has filed a notice of appeal from that conviction, but that appeal is not before us.

As will be seen, the alleged insufficiency in the grand jury evidence applies equally to each indictment, but, perhaps for tactical reasons, the defendant raised the point by motion on the trafficking indictment (and not on the lesser included offense). The only difference in the elements of the two crimes of possession with the intent to distribute and trafficking based on possession with intent to distribute is that the trafficking charge requires proof additionally that the mixture containing cocaine which a defendant possessed with the intent to distribute weighed fourteen grams or more. G. L. c. 94C, § 32E (*b*). Conviction of trafficking requires the imposition of a minimum term of imprisonment. G. L. c. 94C, § 32E (*b*).

[2]A minor 1991 amendment to § 32E (*b*) is not involved as to this May 15, 1990, indictment. St. 1991, c. 395.

. . . any mixture containing a controlled substance" such as cocaine. G. L. c. 94C, § 32E (*b*). See *Commonwealth* v. *Chappee*, 397 Mass. 508, 521-522 (1986). The statute is disjunctive, setting forth three categories of trafficking: (1) manufacturing, distributing, or dispensing fourteen grams or more of cocaine; (2) possessing with intent to manufacture, distribute, or dispense fourteen grams or more; and (3) bringing into the Commonwealth fourteen grams or more. *Commonwealth* v. *Silva*, 21 Mass. App. Ct. 536, 540-541 (1986). There was no evidence that the defendant was manufacturing, distributing, or dispensing cocaine, and the Commonwealth does not argue the point.

The evidence before the grand jury was a State trooper's testimony that he had seen the defendant's vehicle come off the Massachusetts Turnpike in Auburn onto Route 12. Because the defendant was driving erratically, the trooper stopped him and asked if there was a problem. The trooper noticed that the defendant was nervous and asked him for a driver's license and registration. The defendant produced a Connecticut license, which turned out to be suspended. The trooper ordered the defendant from his vehicle and placed him under arrest. When the trooper patted the defendant down for weapons, he felt a large bulge in a pocket of the defendant's pants. He reached in the pocket and removed a bag of white powder. The powder was sent to a laboratory for analysis, which reported it to be 25.6 grams of cocaine.

The judge dismissed the indictment based on his ruling that the grand jury evidence was insufficient to establish probable cause that the defendant had brought cocaine into the Commonwealth. The judge was correct in ruling that the evidence would not support an inference that the defendant had brought the cocaine into the Commonwealth. See *Commonwealth* v. *McLeod*, 394 Mass. 727, 747, cert. denied sub nom. *Aiello* v. *Massachusetts*, 474 U.S. 919 (1985).

For some reason, the judge did not go on to discuss whether the evidence provided probable cause for a trafficking indictment on the theory that the defendant possessed cocaine with the intent to distribute. The Commonwealth relies

on this theory. The trooper's grand jury testimony certainly provided probable cause to believe that the defendant possessed the cocaine. The issue is whether possession of 25.6 grams of cocaine in the circumstances supports a finding of probable cause to believe that the defendant intended to distribute the cocaine.

This court and the Appeals Court have often stated that possession of a large amount of illegal drugs raises an inference of intent to distribute warranting a verdict of guilty. See, e.g., *Commonwealth* v. *Pratt*, 407 Mass. 647, 653 (1990); *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 349-350 (1983); *Commonwealth* v. *Scala*, 380 Mass. 500, 511 (1980); *Commonwealth* v. *Rugaber*, 369 Mass. 765, 770 (1976); *Commonwealth* v. *Ellis*, 356 Mass. 574, 578 (1970); *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 499 (1991); *Commonwealth* v. *Poole*, 29 Mass. App. Ct. 1003, 1004 (1990); *Commonwealth* v. *Allen*, 28 Mass. App. Ct. 589, 596 (1990); *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 758 (1984); *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 657 (1974). In many cases concerned with the sufficiency of evidence to support a finding beyond a reasonable doubt of the possession of illegal drugs with intent to distribute, the Commonwealth had other supporting evidence. In some cases the Commonwealth could rely on the presence of various items used to manufacture or distribute drugs. See, e.g., *Commonwealth* v. *Pratt*, *supra* (drug transaction list); *Commonwealth* v. *Ellis*, *supra* (processing equipment and empty bags); *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 425 (1985) (precision scale and cutting powder); *Commonwealth* v. *Gill*, *supra* (cutting paraphernalia). In others, the drugs were packaged in such a way as to suggest that the defendant intended to sell them rather than to use them personally. See, e.g., *Commonwealth* v. *Johnson*, 410 Mass. 199, 200 (1991) (seventy-one individual bags of cocaine); *Commonwealth* v. *Pratt*, *supra* (heroin packaged one dose per bag, bags marked with local brand name and bundled in groups of ten and fifty); *Commonwealth* v. *Scala*, *supra* (twenty "awful fat" packages of amphetamines);

*Commonwealth* v. *Ellis, supra* (fifty-six bags of heroin with street value of $10 each); *Commonwealth* v. *James, supra* (eighty $50 bags of cocaine); *Commonwealth* v. *Poole, supra* (large quantity raises inference of intent to distribute "particularly where, as here, the drugs were distinctively packaged"); *Commonwealth* v. *Sendele, supra* ("distinct packaging"); *Commonwealth* v. *Baltrop*, 2 Mass. App. Ct. 819, 820 (1974) (375 bags of heroin with street value of $10 each). In some cases, an intent to distribute has been supported by evidence of the defendant's possession of large amounts of cash. See, e.g., *Commonwealth* v. *Sendele, supra* at 758-759; *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 607 (1976). Other supporting evidence of intent to distribute has included the "high calibre" of the drug (*Commonwealth* v. *Sendele, supra* at 758); statements of the defendant (*Commonwealth* v. *Bongarzone, supra* at 329; *Commonwealth* v. *Nichols, supra* at 614); behavior of the defendant (*Commonwealth* v. *Fogarty*, 25 Mass. App. Ct. 693, 701 [1988]); the arrest of two men coming out of defendant's apartment with heroin (*Commonwealth* v. *Ellis, supra*); and the defendant's "repeated travel at short intervals to a notorious drug center" (*Commonwealth* v. *Sendele, supra* at 759). No such supporting circumstances exist here.

When a guilty finding of possession with intent to sell has been upheld where there was little or no evidence of intent to distribute beyond the amount of the drugs seized, the amount seized has been very high. See, e.g., *Commonwealth* v. *Bongarzone, supra* at 331 (fifteen green trash bags of marihuana); *Commonwealth* v. *Rugaber, supra* (100 doses of LSD on one defendant and 900 doses on another); *Commonwealth* v. *Allen, supra* (eleven pounds of marihuana); *Commonwealth* v. *Fogarty, supra* at 696 (514 grams of cocaine). In *Commonwealth* v. *Sendele, supra*, Justice Kaplan, writing for the Appeals Court, suggested that the possession of 14.4 grams of "rock" cocaine alone might not justify guilt based on an inference of intent to distribute. *Id.* at 758. Some cases suggest that a large amount is one that is inconsistent with personal use. In *Commonwealth* v. *Wooden*, 13 Mass. App.

Ct. 417 (1982), the court concluded that possession of an amount of drugs that was consistent with personal use (23.44 grams of marihuana and 6.63 grams of cocaine, *id.* at 422) would not support an inference of intent to distribute in the absence of any other evidence. *Id.* at 423-424. See also *Commonwealth* v. *Murphy*, 34 Mass. App. Ct. 16, 18 (1993) (following *Wooden*); *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 998 (1982) (no evidence offered to show possession of eight bags of heroin more consistent with distribution than with personal use). Cf. *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 731 (1992) (small amount of drugs consistent with intent to distribute when packaged in a manner consistent with sale and when defendant arrested with large amount of cash in area of high drug activity). On this approach, the question for us is whether 25.6 grams of cocaine is consistent with personal use.

In these circumstances, it seems likely that the evidence presented to the grand jury would have been insufficient to support a guilty verdict. See *Commonwealth* v. *Pratt*, *supra* at 651. However, as we have said, in order to indict the defendant, the grand jury did not need evidence warranting a finding of the defendant's guilt beyond a reasonable doubt. It needed only evidence establishing probable cause to arrest. Two cases in which the defendants challenged indictments for trafficking for lack of sufficient evidence are not helpful in resolving the present problem because there was ample evidence of intent to distribute beyond the amount of drugs possessed. In *Commonwealth* v. *Brzezinski*, 405 Mass. 401 (1989), police found on the defendant's premises fifty-two grams of cocaine, test tubes, a scale, and $1,000 in cash. *Id.* at 403. In *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613 (1990), *S.C.*, 410 Mass. 1005 (1991), the Appeals Court relied not only on the presence of cocaine, but also on a previous undercover buy, cash, paraphernalia, the fact that the apartment was barricaded, and the defendant's attempts to dispose of the cocaine. *Id.* at 616-617.

A reasonable belief that the defendant, who possessed 25.6 grams of cocaine in a motor vehicle on a State highway, did

so with the intent to distribute the cocaine is warranted in this case. We grant that the question is a close one. In *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755 (1984), the court suggested that possession of 14.4 grams of cocaine alone might not justify an inference beyond a reasonable doubt that there was an intent to distribute. *Id.* at 758. Here we apply a lesser standard. Evidence supporting inference of an intent to distribute need not support a finding of such an intent beyond a reasonable doubt. Such an inference must, however, rise above the level of mere suspicion. Possession of 25.6 grams of cocaine warranted a reasonable inference in the circumstances of this case that a person would not carry such a volume of cocaine in a motor vehicle if it was intended solely for his use alone.

The Legislature has recognized that a person who has only fourteen grams of a mixture containing cocaine could be a trafficker. G. L. c. 94C, § 32E (*b*). The cocaine was not found in the defendant's home, but rather was carried in a motor vehicle that he, a nonresident, operated on State highways in the Commonwealth. In these circumstances, 25.6 grams of cocaine alone might not justify an inference beyond a reasonable doubt that there was an intent to distribute (see *Commonwealth* v. *Sendele, supra*), but it would justify an inference by a reasonable person that the defendant possessed the cocaine with an intent to distribute it. A reasonable person would have a basis "sufficient to warrant a person of reasonable caution in believing" (*Commonwealth* v. *Catalina*, 407 Mass. 779, 790 [1990]) that the offense of possession with intent to distribute was committed and that the defendant did not carry this volume of cocaine about the countryside for personal use. A reasonable person is expected to use common sense and rely on what he or she has learned from experience.

We reject the defendant's further argument that the Commonwealth withheld from the grand jury exculpatory evidence that, if presented, would have substantially undermined the evidence that was presented. See *Commonwealth* v. *Connor*, 392 Mass. 838, 854 (1984). The State trooper

who testified before the grand jury did not tell the grand jury that the defendant had told him that the cocaine was for his own use. This information was apparently in the trooper's police report.[3] The failure to present the defendant's self-serving statement to the grand jury did not greatly undermine the validity of the evidence presented. See *Commonwealth* v. *McGahee*, 393 Mass. 743, 746 (1985).

The order allowing the defendant's motion to dismiss the indictment (no. 90-1412) is vacated. The defendant shall be sentenced on that conviction. Appropriate consideration shall be given to any changes that should be made in the sentence imposed on the lesser included offense (indictment no. 90-1413).

*So ordered.*

O'CONNOR, J. (dissenting, with whom Liacos, C.J., joins). The Commonwealth argues that, even if the grand jury were presented with insufficient evidence to support the trafficking indictment, the conviction "rendered any error in the grand jury proceedings harmless," and therefore the conviction should be affirmed. I disagree. I shall refrain from setting forth my reasoning on that issue because the court's opinion implies that the court disagrees as well.

The court's position is that the evidence before the grand jury warranted the trafficking indictment. Despite its discussion of Massachusetts case law concerning the sufficiency of evidence at trial to warrant a conviction of possession with intent to distribute, *ante* at 645-647, the court's reasoning in support of its conclusion that, in this case, the evidence before the grand jury was sufficient for indictment is virtually non-existent. The court merely states in conclusory fashion that "[a] reasonable belief that the defendant, who pos-

---

[3]It appears that the trooper's report also indicated that the defendant had said that he had bought the cocaine in New York City. The failure to tell the grand jury this fact indicates that the choice of what to tell the grand jury was not made in a way designed to mislead the grand jury.

sessed 25.6 grams of cocaine in a motor vehicle on a State highway, did so with the intent to distribute the cocaine is warranted in this case. . . . Evidence supporting inference of an intent to distribute need not support a finding of such an intent beyond a reasonable doubt. Such an inference must, however, rise above the level of mere suspicion. Possession of 25.6 grams of cocaine warranted a reasonable inference in the circumstances of this case that a person would not carry such a volume of cocaine in a motor vehicle if it was intended solely for his use alone." *Ante* at 647-648. The only "circumstances in this case," identified by the court in addition to the weight of the cocaine and the fact of possession in a motor vehicle, are that the defendant was a nonresident[1] operating a vehicle in Massachusetts. The court does not discuss how or why the evidence that the nonresident defendant (if indeed he was a nonresident) possessed 25.6 grams of cocaine in his automobile on a Massachusetts highway, without more, rises above the level of mere suspicion to reach the level of a permissible inference that the defendant possessed the cocaine, not for his personal use, but for the purpose of distribution.

The question on appeal is whether the information before the grand jury was adequate to establish probable cause to arrest the defendant for trafficking in cocaine. See *Commonwealth* v. *Catalina*, 407 Mass. 779, 790 (1990); *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982). "Probable cause requires facts sufficient to warrant a person of reasonable caution in believing that an offense has been committed." *Commonwealth* v. *Catalina, supra. Commonwealth* v. *Brzezinski*, 405 Mass. 401, 402 (1989). "In dealing with probable cause . . . we deal with probabilities." *Brinegar* v. *United States*, 338 U.S. 160, 175 (1949). The question, then, is whether the evidence before the grand jury of the defendant's possession of a single bag containing less than one

---

[1]There was evidence before the grand jury that, when asked by a police officer for his operator's license, the defendant produced a suspended Connecticut license. There was no other evidence of the defendant's residency.

ounce of cocaine, while he was in his automobile, by itself was enough to warrant a rational conclusion that probably — more likely than not — not just "possibly" — the defendant intended to distribute the cocaine to others and not to consume it himself.

I agree with the court that "[t]he judge was correct in ruling that the evidence would not support an inference that the defendant had brought the cocaine into the Commonwealth." *Ante* at 644. Therefore, I fail to see the significance of the defendant's nonresidency in Massachusetts. For all that appears from the evidence presented to the grand jury, the defendant obtained the cocaine in Massachusetts. Does the court really mean that if two individuals, one a Massachusetts resident and the other a Connecticut resident, were to purchase 25.6 grams of cocaine in Massachusetts and then drive with it on a Massachusetts highway, a reasonable person, without other evidence, could justifiably conclude that one of those individuals, but not the other, probably intended to distribute the cocaine?

The defendant's place of residence is irrelevant as is the fact that the defendant happened to be apprehended while driving his automobile, and not while at home. Furthermore, unlike other cases in which sufficiency of evidence has been in issue, here there was not a shred of evidence of the defendant's habits or life-style, particularly with respect to cocaine use, nor was there evidence of how long it might take an habitual user to consume 25.6 grams, or of the cocaine's street value. There was no evidence that possession of 25.6 grams was less consistent with personal use than with distribution, which is not a matter that can be left to the sophistication of the jurors, and there was no evidence that the defendant possessed equipment or packaging materials or other items suggestive of a plan to distribute. The court states, *ante* at 648, "A reasonable person is expected to use common sense and rely on what he or she has learned from experience." Hopefully, the court is not implying that a grand juror may take into account, in addition to the evidence that has been presented, his or her special knowledge concerning

illicit drug use and distribution acquired as a result of the juror's unique personal experience. I assume, rather, that the court's intended suggestion is that common sense and common experience instruct those who are reasonable that a Connecticut resident's possession of 25.6 grams of cocaine in an automobile on a Massachusetts highway, without other evidence, demonstrates the likelihood that the possessor intends to distribute, rather than personally use, the cocaine. I disagree. In my view, most readers of the opinions in this case will not have a clue as to the probabilities based on the evidence. In short, while the evidence presented to the grand jury was sufficient to establish a possibility[2] that the defendant intended to distribute the cocaine rather than consume it himself, it was not enough to establish a probability. Therefore, there was no showing at the grand jury proceeding of probable cause to arrest the defendant for trafficking, and the judge rightly dismissed the indictment. The order of dismissal should be affirmed.

---

[2]The court observes that "[t]he Legislature has recognized that a person who has only fourteen grams of a mixture containing cocaine could be a trafficker." *Ante* at 648. It is also true, of course, that a person who has 25.6 grams *could be* a trafficker. The question before the court, however, is whether the evidence before the grand jury in this case was "sufficient to warrant a person of reasonable caution in believing" that the defendant *probably was* a trafficker.