## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Artis

December 20, 1993

Case No. CF930768

BY JUDGE ALFRED D. SWERSKY

The facts of this case support a finding of guilt for the offense of possession with intent to distribute in violation of § 18.2-248(A). That section makes it an offense to possess controlled substances with the intent to manufacture, sell, give, or distribute. The indictment only charges the Defendant with having the intent to distribute.

The word "distribute" is defined in the Drug Control Act (§ 54.1-3401) as "to deliver other than by administering or dispensing . . . ." The Supreme Court of Virginia, in *Wood v. Commonwealth*, 214 Va. 97 (1973), stated:

> The conscious choice by the General Assembly of the word distribute and the broad definition given that word by it evinces a legislative intent to proscribe not only the illegal sale, barter, exchange, or gift of controlled drugs but also any delivery or transfer, actual or constructive, of *possession* or title to such drugs from one person to another . . . . 214 Va. at 99 [emphasis added].

See also, *State v. Sondreal*, 459 N.W.2d 435 (S.D. 1990); *Commonwealth v. Poole*, 563 N.E.2d 253 (Mass. App. 1990).

Thus, where as here, Defendant was holding the drugs to be returned to the person who gave them to him and being paid for holding the drugs, the requirements of the statute are met.

Defendant's Motions to Strike, taken under advisement at the time of trial, must be denied and the Defendant found guilty as charged.