COMMONWEALTH *vs.* JOSE SANTIAGO. No. 95-P-1220. September 20, 1996. *Controlled Substances. Intent. Practice, Criminal,* Argument by prosecutor. *Evidence,* Opinion.

The defendant urges us to reverse his conviction for possession of heroin with intent to distribute it (his second such offense) on the ground that a question and answer by the prosecutor and her detective expert witness usurped the jury's function by opining the defendant's guilt. See *Commonwealth v. Woods,* 419 Mass. 366, 374-375 (1995). See also Liacos, Massachusetts Evidence § 7.3 (6th ed. 1994). We affirm the conviction, but not on the basis urged by the Commonwealth.

When the defendant was arrested, after a police chase, he had thirteen small bags of heroin in his possession, and he had just discarded five other bags. His defense to the charge was that the heroin was intended for his

---

personal use, not distribution. The assistant district attorney, an experienced prosecutor, asked the veteran detective, ". . . do you have an opinion as to whether or not that amount of heroin is consistent or inconsistent with personal use?" The witness answered: "It's inconsistent with personal use." So far, so good. Unwilling to let well enough alone, however, the prosecutor next asked: "Now, do you have an opinion . . . to whether or not this amount of heroin packaged in this manner *was intended for* distribution or for personal use?" (emphasis added). The witness answered: "Distribution."

The foregoing answers were nonresponsive, but they were not objected to on that ground or any other, and the defendant's only complaint here is that the question and answer about his intent, because they constituted an opinion as to his guilt, were so improper as to create a substantial risk of a miscarriage of justice.

In its brief on appeal and at oral argument, the Commonwealth maintains that the question and answer about the defendant's intent were proper ones. That is incorrect. Where a specified intent is an element of the crime, a witness's opinion as to what the defendant intended is improper. Standing alone, such evidence cannot sustain a conviction.

We affirm the conviction because, in light of the other evidence, including the defendant's testimony that he intended to give some of the heroin to his girlfriend, "the admission of the improper testimony was not substantially prejudicial." *Commonwealth* v. *Woods*, 419 Mass. at 375.

*Judgment affirmed.*

*J. Daniel Silverman* for the defendant.

*Nicole M. Procida*, Assistant District Attorney, for the Commonwealth.