Cowin, J.
Defendant, Raymond Avery, has been indicted for three counts of kidnapping (G.L.c. 265, §26), two counts of violation of a restraining order (G.L.c. 209A, §7), and two counts of assault and battery (G.L.c: 265, §13A). Defendant now moves to dismiss the indictments charging him with violating a restraining order on the basis that the grand jury had insufficient evidence to support those indictments. Specifically, defendant contends that he did not receive notice of the hearing date to extend the original restraining order and was not served with the subsequent extension order. Therefore, defendant claims that he could not have violated the extension order. Additionally, defendant alleges that his due process rights were violated. For the reasons set forth below, defendant’s motion is denied.
BACKGROUND
The facts of the case are undisputed. On July 14, 1997, Jacqueline Avery obtained a temporary restraining order (“TRO”) against her husband, the defendant, Raymond Avery. A Somerville police officer served the TRO on defendant in hand at defendant’s marital residence. The TRO noted that it expired on July 23, 1997 and that a hearing for extension or modification would be held at 9:00 a.m. in Courtroom 1 of Somerville District Court. The order also provided that defendant was entitled to attend the hearing with or without an attorney and included a warning that an extension or modification may be granted even if defendant failed to appear at the hearing. Defendant did not appear at the hearing and the Court granted Ms. Avery a one-year extension. A notice of the extension was served at defendant’s last and usual address, his marital residence, which he had vacated pursuant to the initial TRO. Therefore, defendant claims he did not receive the extension notice, and the Commonwealth does not offer any evidence to the contrary.
DISCUSSION
As a general rule, a court “will not inquire into the competency or sufficiency of the evidence presented to a grand jury.” Commonwealth v. Club Caravan, Inc., 30 Mass.App.Ct. 561, 566 (1991). However, a grand jury indictment must be dismissed if the grand jury received insufficient “evidence to establish the identity of the accused ... and probable cause to arrest him.” Commonwealth v. O’Dell, 392 Mass. 445, 450 (1984) (quoting Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982)). Probable cause to arrest exists where the facts and circumstances presented would warrant a person of reasonable caution in believing that the defendant has committed or was committing an offense. Club Caravan, Inc., 30 Mass.App.Ct. at 567. “Probable cause to arrest requires more than mere suspicion but something less than evidence sufficient to warrant a conviction.” Commonwealth v. Hason, 387 Mass. 169, 174 (1982). See also Commonwealth v. Roman, 414 Mass. 642, 647 (1993).
This Court finds that there was sufficient evidence for the grand jury to find probable cause that the defendant violated the extended order as defendant had notice of the date of the extension hearing. The initial TRO, which neither party disputes was served in hand on defendant, provided notice of the date of the extension hearing. Said order indicated, at least by implication if not expressly, that the extension hearing would be held on July 23, 1997. The TRO clearly stated that the expiration of the TRO was July 23, 1997, and directly adjacent to said date was the notation regarding the time and place of the extension hearing. Additionally, the TRO notified defendant that he had a right to attend the hearing with or without an attorney and that the Court may grant the extension even if defendant did not appear at the hearing. If defendant had any doubt regarding the exact date of the extension hearing, the burden was on him to inquire regarding the date. Even if the date were rescheduled, as defendant claims it was (in order to accommodate Ms. Aveiy’s health problems), the burden was on defendant to appear on July 23, 1997, at which time he would have discovered any continuance date.
Under Commonwealth v. Delaney, 425 Mass. 587 (1997), service of an initial TRO on a defendant provides adequate notice of a subsequent extension of that order, even when defendant fails to appear at the extension hearing and is not served with the extension order. See also Commonwealth v. Chartier, 43 Mass.App.Ct. 758 (1997). Since the TRO, either explicitly or implicitly, informed defendant that the date of the extension hearing was July 23, 1997 and expressly stated that an extension may issue with or without his presence, the lack of service of the extended order did not violate defendant’s due process rights and did not constitute a bar to charging him with a violation of that order. Delaney, 425 Mass. 587. Defendant was on notice of the extension order and its terms by reason of the service of the initial TRO. Id. See also Chartier, 43 Mass.App.Ct. 758.
*65 ORDER
It is hereby ORDERED that the defendant’s motion to dismiss be DENIED.