COMMONWEALTH *vs.* JOSE VELASQUEZ. No. 01-P-484. April 8, 2003. *Controlled Substances. Evidence*, Opinion. *Practice, Criminal*, Argument by prosecutor.

A jury convicted the defendant of possession of heroin with intent to distribute in violation of G. L. c. 94C, § 32. From a distance of roughly seventy feet, surveilling officers had seen the defendant deliver something held in the palm of his hand to a couple who handed something — the officers thought money — to the defendant. An officer followed the couple to a building where he found the couple in the act of "shooting" something with a

hypodermic needle. One of the couple popped a greenish glassine packet into her mouth and was chewing. The officer asked her to spit it out, but the contents (or what was left of the contents) tested negative for narcotic drugs. Another officer followed the defendant, who was found to be carrying six packets identical to the one the woman tried to swallow. One of the six packets, randomly selected, tested positive for heroin.

1. *Sufficiency of the evidence.* The defendant's argument is that, as the packet sold or given to the couple did not contain heroin, any distribution did not involve heroin, and as there was no other evidence that the six packets remaining on his person were for other than his personal use, the evidence did not suffice to convict of more than simple possession. The jury could properly have inferred, however, that when the defendant sold (or gave) a packet to the couple that was indistinguishable in appearance from the six packets he retained, he was not aware that the one packet was only a dilutant and had no intention to cheat the couple. (This inference was confirmed later by the defendant's own testimony, that the couple had assisted him to locate a seller from whom he bought the seven packets, and that he gave one to the couple in gratitude.) Such an inference would support a finding that the defendant possessed packets of heroin and showed an intent to distribute by giving (or selling) a packet to the couple. Indeed, the further inference could be drawn from the transaction with the couple that his purpose in possessing all the heroin was distribution — not, as he claimed, personal use. Parenthetically, it is immaterial to the element of "intent to distribute" whether the defendant intends to sell narcotics or to give them away to others. See *Commonwealth* v. *Barbosa,* 421 Mass. 547, 550 n.4 (1995); *Commonwealth* v. *Poole,* 29 Mass. App. Ct. 1003, 1004 (1990); *Commonwealth* v. *Santiago,* 41 Mass. App. Ct. 916, 917 (1996).

2. *Other contentions.* The defendant cannot complain that the two surveillance officers testified directly to an ultimate issue — that they had witnessed what they thought was a drug transaction (see *Commonwealth* v. *Woods,* 36 Mass. App. Ct. 950, 951-952 [1994], *S.C.,* 419 Mass. 366, 375 & n.13 [1995]) — because it was his own counsel who, for tactical reasons, elicited that testimony from the officers. The references in the prosecutor's closing argument to the effect that the officers had witnessed the defendant distributing heroin, while inappropriate, were immediately and effectively corrected by the judge, who reminded the jurors that the charge on which the defendant was being tried concerned the six retained packets only. The judge also struck from the argument the references to the couple thinking that what they received from the defendant was heroin.

*Judgment affirmed.*

*Cathleen E. Campbell* for the defendant.

*Alex G. Philipson,* Assistant District Attorney (*Laura Reidel,* Assistant District Attorney, with him) for the Commonwealth.