Agnes, Peter W., J.
INTRODUCTION
The defendant, Victor Romero, is charged by indictment with four offenses in five separate counts (Rape of a Child in violation of G.L.c. 265, §23 [count 1], Indecent Assault and Battery on a Child under the Age of Fourteen in violation of G.L.c. 265, §13B [counts 2 and 3], Dissemination of Matter Harmful to Minors in violation of G.L.c. 272, §28 [count 4], and Possession of Child Pornography in violation of G.L.c. 272, §29C [count five]). The defendant has filed a pretrial motion to dismiss counts 4 and 5 of the indictment on several grounds. According to the grand jury minutes, the defendant gave a cellular telephone to a thirteen-year-old girl with whom he was acquainted as a friend of the family[1] and, in a series of phone text messages, requested that she send him “a photo through the phone” of her vagina. The victim complied with his request and sent several photos of this nature to him through her phone. The defendant, in turn, sent a picture of his penis on two occasions to the victim “through the phone.” Additionally, the Southbridge Police Department, armed with a search warrant, seized a cellular telephone from the defendant containing “pornographic” images of the young victim.
DISCUSSION
1. The defendant asserts that the conduct he is alleged to have engaged in is not covered by the statutes under which he is charged. G.L.c. 272, §28 forbids the “dissemination” to a minor “of any matter harmful to minors” as defined in G.L.c. 272, §31. Section 31 contains definitions of “disseminate,” “harmful to minors,” “matter,” and “visual material.” The defendant’s argument, based in part on the recent decision by the Supreme Judicial Court in Common *459 wealth v. Zubiel, 2010 WL 377016 (February 5, 2010) [“ZubieÍ”), is that G.L.c. 272, §28 does not criminalize the act of electronically and wirelessly transmitting digital images from one cell phone to another cell phone because digital images are not included within the definition of “matter” in G.L.c. 272, §31.[2] In Zubiel, the Court held that “online electronically transmitted conversations,” such as occur among people in electronic chat rooms or using instant messaging or emáil services on the internet, are not encompassed by the statutory definition of “matter.” The Court’s reasoning was that the statutory definition of “matter” includes “four broad categories” of matter ([1] handwritten or printed material, [2] any visual representation, [3] any live performance, and [4] any sound recording.), none of which includes text. However, the court explicitly stated that the statutory definition of “matter” includes “photographs and other images.” In Perry v. Commonwealth, 438 Mass. 282, 284-86 (2002), the Supreme Judicial Court held that digital images of a child posed in a state of nudity and stored on the hard drive of a computer fell within the definition of “visual material” for purposes of a prosecution under G.L.c. 272, §29B. The Court explained that the definition of “visual material” included “any visual image created by use of a camera or any similar device regardless of how or where the image is stored.” Id. at 285. Likewise, in Commonwealth v. Washburn, 55 Mass.App.Ct. 493, 496, rev. den. 437 Mass. 1109 (2002), the Appeals Court held that “computer images” depicting naked adult women that were stored on a home computer and shown by an adult to a child fell within the definition of “matter” under G.L.c. 272, §31 because such images “fit comfortably within the broad categoiy of ‘visual representation’[3] as well as the term ‘pictures.’ ” Id. at 496. If the digital image stored on a home computer in the Perry and Washburn cases falls within the definition of “matter,” then a digital image stored on a cellular phone does as well.
2.The defendant’s argument is that in ZubieZ, the Supreme Judicial Court limited the term “visual representation,” as it appears in the definition of “matter,” to “the class of pictures — moving or still, whether on paper, film, or computer.” Zubiel, supra. This argument misconstrues the point that the Supreme Judicial Court was making in Zubiel. In the passage in question from Zubiel, the Court was explaining that the statute’s broad definition of visual materials led it to conclude that “images, not purely written words” were included in the statutory definition. Id. This court takes judicial notice of the fact that many of the devices we commonly refer to as cellular telephones have the technological capabilities of computers and, in particular, contain digital cameras that can be used to create digital images, that are capable of storing digital images using devices like those used to store data in a computer, and that these cell phones are capable of transmitting and receiving digital images using wireless technology and the internet. See Mass.G.Evid. 201(b) (2010 ed.). See also Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 554 (D.Md. 2007) (courts can take judicial notice of the well known characteristics of computers). Indeed, one of the common definitions of a “computer” (“a programmable device that can store, retrieve and process data”; see www.merriam-webster.com/ dictionary / computer [last visited February 11, 2010]); applies equally as well to describe many cell phones. See also United States v. Burgess, 576 F.3d 1078, 1090 n. 13 (10th Cir. 2009) (observing that the memory cards in some cell phones can, like flash memory devices, hold vast amounts of data including images).[4] Thus, this court concludes that digital images or pictures such as the image of the defendant’s penis and the pornographic images of children found on the defendant’s cell phone, are included within the definition of “visual material,” and thus within the definition of “matter” under G.L.c. 272, §31 because, as the Perry and Washburn courts explained, they constitute pictures and visual representations.
3. In addition, a digital image or picture that is stored in a cellular phone for display or transmission to another device falls within the scope of the term “depictions by computer” and thus within the definition of “visual material.” See Commonwealth v. Hinds, 437 Mass. 54, 63-64 (2002), cert. den., 537 U.S. 1205 (2003) (interpreting the term “depictions by computer” in connection with a charge under G.L.c. 272, §29C to include evidence of child pornography stored in the form of digital images or data in an unopened file on a hard drive of a computer). Again, the court takes judicial notice of the fact that some cellular phones contain storage devices for retaining data, including digital images, that are essentially the same as storage devices in some computers. Contrary to the defendant’s claim, the observation made in Commonwealth v. Kenney, 449 Mass. 840, 852 (2007), that “depictions by computer” “refers to the method by which the image is possessed and not its content,” does not indicate an intention to limit the scope of G,.L.c. 272, §29C, insofar as it applies to digital pictures or images, to only those that are stored on “computers” as contrasted with cell phones. As noted above, the technology engineered into devices that we think of as “computers” and “cell phones” is more and more alike in that each device is capable of creating, storing, displaying, and transmitting data in the form of voice, text, and graphical images.
4. Likewise, in connection with Count 5 charging “Possession of Child Pornography,” the defendant maintains that digital images on the defendant’s cellular telephone (including, presumably, the images of the victim’s vagina) are not included within the meaning of the phrase “photograph or other similar visual reproduction, or depictions by computer,” as it appears in G.L.c. 272, §29C. What has been said above, in connection with the defendant’s argument against *460 Count 4 is sufficient to dispose of his argument as to count 5. See Perry v. Commonwealth, supra, and Commonwealth v. Washburn, supra.
5. Insofar as the digital images in question (the victim’s vagina and the defendant’s penis) were transmitted by or stored on the defendant’s cell phone as attachments to or in association with text messages between the defendant and the victim, the result is the same. Although Commonwealth v. Zubiel makes it clear that a prosecution under G.L.c. 272, §28 cannot be based solely on text messages sent to a minor, regardless of how lewd or offensive they may be, the decision does not affect the validity of a prosecution for a violation of §28 that is based on the transmission of digital images which are attached to or imbedded within a text message.
6. The defendant’s remaining argument is that the grand jury did not hear sufficient evidence to support the charge in count 5, possession of child pornography, based simply on possession of the image of a thirteen-year-old child’s vagina because “[i]n the grand jury minutes, nothing is stated about the position the alleged victim is in, or that there is anything actually ‘lewd’ in nature about the pictures.” Defendant’s Memorandum of Law at 5. The standard for assessing the sufficiency of the evidence presented to the grand jury is whether it is sufficient to establish probable cause to believe a crime has been committed by the accused. See Commonwealth v. Roman, 414 Mass. 642, 643 (1993). See also Commonwealth v. O’Dell 392 Mass. 445, 451 (1984), citing K.B. Smith, Criminal Practice and Procedure, §104 (1983) (probable cause does not require specific evidence on each element of the crime). Possession of a cell phone containing a digital image of a child’s vagina constitutes probable cause to believe the defendant possessed a picture “involving a lewd exhibition of the unclothed genitals” of the child as required by G.L.c. 272, §29C. See Commonwealth v. Kenney, 449 Mass. 840, 850 n.8 (2007) (the descriptive term “lewd” is commonly understood to refer to that which is indecent or offensive).
ORDER
In Perry v. Commonwealth, 438 Mass. 282, 286 n.5 (2002), the Supreme Judicial Court noted that the Massachusetts Legislature has expressly declared that the public policy of the Commonwealth condemns the sexual exploitation of children because it not only invades the child’s privacy rights, but also “results in social, developmental and emotional injury” to the child victims. Furthermore, in Perry, the Court explained that the definition of “visual material” found in G.L.c. 272, §31 includes photographs of children, regardless of the means by which they are created and regardless of the form in which they are stored. The recent decision in Commonwealth v. Zubiel does not retreat from Perry, but simply respects the words used by the Legislature in the definitions set forth in §31, and explains that the Legislature did not criminalize offensive, lewd or what might be termed pornographic text messages.
In today’s society, both computers and so-called cell phones are ubiquitous. Each type of device varies in terms of its dimensions, weight, and features. However, rapid technological advances and the continued miniaturization of components has resulted in a blurring of the distinction between a computer and a telephone. See note 4, supra. In fact, some devices described as computers are not much larger than devices described as a cell phone. In today’s society both computers and cell phones are used routinely for voice and data communications as well as for data and image processing. It makes no sense to differentiate between digital images stored on a computer and digital images stored on a cell phone or other electronic communication or storage device for purpose of the definition of “matter” or “visual material” set forth in G.L.c. 272, §31, and there is no basis for the claim that the Legislature intended to make such a distinction. Moreover, there is no reason to suppose that a reasonable person would have any difficulty in understanding that the definition of “matter” and “visual material” would include digital images created by, stored in, and transmitted by a cell phone. See Commonwealth v. Triplett, 426 Mass. 26, 29 (1997) (criminal statutes must “define offenses with sufficient definiteness that ordinaiy people can understand what conduct is prohibited”) (quotation omitted).
For the above reasons, the defendant’s motion to dismiss Counts 4 and 5 of the indictment is DENIED.

The Commonwealth alleges that prior in time to this the defendant sexually assaulted the victim in her home while her mother was not present thus giving rise to the charges in counts 1, 2, and 3.

The defendant does not contend that the image of the defendant’s penis is not a “matter harmful to minors” as that phrase is defined in G.L.c. 272, §31.

The term “visual representation,” as it appears within the definition of “matter” under G.L.c. 272, §31 is not further defined in §31, but there is a separate definition of “visual material” which includes “any motion picture film, picture, photograph, videotape, book, magazine, pamphlet that contains pictures, photographs or similar visual representations or reproductions or depictions by computer. Undeveloped photographs, pictures, motion picture films, videotapes and similar visual representations or reproductions may be visual materials, notwithstanding that processing, development or similar acts maybe required to make the contents thereof apparent.” The term “depiction by computer” was added to the definition of “visual material” by St. 2002, c. 161, section 2. In Commonwealth v. Zubiel the Supreme Judicial Court assumed that the definition of “visual material” in G.L.c. 272, §31 corresponded with the term “visual representation” contained with the definition of “matter.”

The term “cell phone,” although in widespread use (e.g., it is the term used by the witnesses who testified before the grand jury in this case to describe the devices used by the defendant and the victim to communicate with each other and to send pictures back and forth to each other) is becoming a misnomer because many of these devices are better described as “smartphones,” i.e., “a mobile phone offering advanced *461 capabilities often with PC-like functionality ... It is a miniature computer that has phone capability.” See http://en.wikipedia.org/wiki/Smartphone (last visited February 11, 2010b For example, in today’s New York Times newspaper there is a story about a software application for the Apple iPhone that turns it into “a wireless computer trackpad and touch-screen keyboard.” NY Times page Bll (February 11, 2010).