Following a jury-waived trial in the Superior Court, the defendant, John Goulding, was convicted of trafficking in heroin, 200 grams or more, in violation of G. L. c. 94C, § 32E(c ). On appeal, he contends that he did not possess the requisite intent to distribute heroin, and that he should not have received a mandatory minimum sentence.[2] We affirm.
The judge comprehensively summarized his findings on the record. The facts are not in dispute on appeal and need not be repeated here.
We first address the defendant's claim that he did not possess the intent to distribute heroin. As part of this claim, he contends that: (1) he depended on Geoffrey Chandler, the leader and orchestrator of the heroin trafficking operation at issue in this case, for work and, thus, could not refuse to assist him; (2) it would have been "unsafe" to refuse to assist in this case, given the narcotics trade in which Chandler and his associates engaged; (3) he was merely a passenger in a vehicle involved in the drug operation and had no means to escape; and (4) Chandler's mother helped raise him from an early age, and he thus felt obligated to assist him. The claims are unavailing.[3]
Here, the evidence, viewed in the light most favorable to the prosecution, was sufficient to prove beyond a reasonable doubt that the defendant was a joint venturer to heroin trafficking. "[T]o prove the defendant guilty as a joint venturer, the Commonwealth was required to prove that he was present at the scene of the crime, had knowledge that another intended to commit the crime and shared the intent to commit the crime, and by agreement was willing and available to help the other if necessary." Commonwealth v. Hernandez, 439 Mass. 688, 694 (2003). The evidence in the present case establishing those three elements was overwhelming.
The defendant was present during the commission of the offense. He was visibly nervous and sweating profusely during the motor vehicle stop and was caught holding a block of heroin inside the front waistband of his pants. The heroin was wrapped in green cellophane, weighed 257.77 grams, and had an approximate street value of at least $25,000. When the police located the heroin, the defendant blurted out, "I'm fucked. My life is ruined. I'm going to prison forever." Asked where he got the drugs, the defendant responded, "You know where I got it from." Asked what the item was, he responded, "You know what the stuff is." In view of the large amount of heroin, the defendant's nervous demeanor, the concealing of the drugs in his waistband, and the statements that could be viewed as admissions, we have no difficulty in determining that the evidence was sufficient to prove all of the elements of trafficking in heroin by means of joint venture. See Commonwealth v. Pratt, 407 Mass. 647, 653 (1990) ; Commonwealth v. Roman, 414 Mass. 642, 645 (1993). In addition, the evidence that the defendant had acted as one of Chandler's "holders" in the past, further demonstrated his knowledge and intent to assist in the commission of the crime in the present case.
The defendant also argues that he should not have received the minimum mandatory State prison sentence imposed in this case. The defendant concedes that the judge would have erred in imposing a sentence less than the minimum mandatory sentence required by statute. Nonetheless, he asks this court to vacate or reduce his sentence in the interest of justice, because he had never been arrested on a narcotics charge or previously incarcerated. This we cannot do. See Commonwealth v. Ehiabhi, 478 Mass. 154, 161 (2017) (error for judge not to sentence defendant pursuant to statutes under which he was properly charged and convicted).
Judgment affirmed.

The arguments raised in the defendant's brief are presented pursuant to Commonwealth v. Moffett, 383 Mass. 201, 208 (1981).

The defendant did not squarely raise any of these intent-related arguments at trial. Instead, the defense centered on the issue of the claimed inability to exercise dominion and control over the heroin. Nonetheless, we briefly address the intent claim under the familiar Latimore standard. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).